Hilton Bridge Construction Company, Appellant, v. The New York Central and Hudson River Railroad Company et al., Respondents.

Louis V. Booream et al., Intervening.

Where, in an action by a sub-contractor to foreclose a mechanic's lien, it appears that plaintiff's cause of action depends upon payments made by the owner of the premises to the contractor before they were due by the terms of the contract, in case the contractor is not made a party an order is proper bringing him in.

In such an action it appeared that the contractor, a corporation, was originally made a party defendant. After service of the summons and complaint on the owners, but before service on the company, it assigned all moneys which should be found due and owing under the contract, as collateral security for an indebtedness; having become insolvent its property went into the hands of a receiver appointed by the court. The order making the appointment contained the usual injunction order enjoining all persons from commencing any action against the corporation. Thereupon plaintiff amended the summons and complaint by striking out the name of the corporation as defendant. The owners in their answers set up the assignment, the appointment of the receiver and alleged that they were proper and necessary parties. *Held,* that an order was properly granted bringing in said parties, so that the rights of all might be determined, and this, notwithstanding the fact that the owners admitted the overpayment and the amount thereof, as such admission would not bind the assignee or the receiver.

The contract was for the construction of a line of railroad. The contractor engaged to obtain the necessary rights of way; it employed counsel who performed this work, who had in their possession contracts, deeds and other papers upon which they claimed a lien for their professional services. These counsel, on motion of the owners, were brought in as defendants. *Held,* that said counsel had no lien or claim upon the fund in question, and the bringing them in was not a matter of discretion, but was legal error.

(Argued March 11, 1895; decided March 19, 1895.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, made February 12, 1895, which affirmed an order of Special Term directing plaintiff, by supplemental summons and complaint, to bring in other parties defendant.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward Winslow Paige* for appellant. No judgment of any sort can be rendered in this action in favor of the plaintiff against any of the parties whom the order brings in. (*Post* v. *Campbell*, 83 N. Y. 279; Laws of 1885, chap. 342, § 8; *Whitney* v. *McKinney*, 7 Johns. Ch. 147.) No one need be made a party against whom, if brought to a hearing, the plaintiff can have no decree. (3 P. Wms. 311; *Whitney* v. *McKinney*, 7 Johns. Ch. 144, 146; *Fenton* v. *Hughes*, 7 Ves. 287; Story's Eq. Pl. § 231; Gilb. Eq. 54, 55; 1 Harrison's Ch. Pr. [Lond. ed. 1808] 37; [Phila. ed. 1807] 76; Edwards on Parties [ed. 1832], 14; Barb. Parties [ed. 1884], 482, 485; *Le Texier* v. *Anspach*, 15 Ves. 159, 164; *Whitworth* v. *Davis*, 1 V. & B. 545, 550; *Turner* v. *Robinson*, 1 Sim. & Stu. 41; *Van Reemsdyk* v. *Kane*, 1 Gal. 371, 383, 630; *West* v. *Randall*, 2 Mass. 181, 192, 197.) The Code has not made any change by way of adding to those who were necessary or proper parties in the late Court of Chancery. (Code Civ. Pro. §§ 447, 452; *Chapman* v. *Forbes*, 123 N. Y. 532; *Post* v. *Campbell*, 83 id. 279; *Whitney* v. *McKinney*, 7 Johns. Ch. 146.) The order is appealable. (*Chapman* v. *Forbes*, 123 N. Y. 532.)

*Thomas Spratt* for respondent. A determination in this action will not be binding upon the Moffett, Hodgkins & Clarke Company, its assignee, Marshall, and its receivers, Messrs. Booream and O'Brien, without making them parties. (Code Civ. Pro. § 452; Laws of 1885, chap. 342; *Osterhoudt* v. *Bd. Suprs.*, 95 N. Y. 242.) It would not be just or legal to take any sum which might be determined on a trial of this action to be due to the Moffett, Hodgkins & Clarke Company and pay it over to the plaintiff without giving the owner of the fund an opportunity to be heard. (*Sullivan* v. *Decker*, 1 E. D. Smith, 699; Laws of 1851, chap. 513; Laws of 1885, chap. 343; *Thomas* v. *Sahagan*, 10 N. Y. Supp. 874; *Williams* v.

*Verein,* Id. 368.) The appeal from the decision of the General Term in this case should be dismissed. (Code Civ. Pro. § 190; *Spears* v. *Mayor,* 72 N. Y. 442; *I. G. L. Co.* v. *Treman,* 93 id. 660.)

*Conger & Orvis* for respondents (in person). An attorney has a general or retaining lien for a balance due him in his professional employment upon all papers and documents which come to him by reason of his professional character. (*St. John* v. *Defendorf,* 12 Wend. 261; *Walker* v. *Sargent,* 14 Vt. 247; *Ward* v. *Craig,* 87 N. Y. 521, 550; *Lorillard* v. *Barnard,* 42 Hun, 545; 1 Am. & Eng. Ency. of Law, 969; 52 N. Y. 489.) A deed, to be effectual, must be delivered, and, although its appearance upon the record may amount to *prima facie* evidence of delivery, that evidence may be rebutted, even where the recording is apparently regular. (*Cusack* v. *Tweedy,* 56 Hun, 516; *Fisher* v. *Hall,* 41 N. Y. 416; *Bryant* v. *Bryant,* 42 id. 11.) A complete determination of the controversy cannot be had without the presence of Gerrit S. Conger and Arthur W. Orvis as defendants, and the court should, as it has done, direct them to be brought in as parties to this action. (Code Civ. Pro. § 452; Laws of 1885, chap. 342; *Sullivan* v. *Decker,* 1 E. D. Smith, 699; *Thomas* v. *Sahagan,* 10 N. Y. Supp. 874.)

PECKHAM, J. This is an equitable action to foreclose a mechanic's lien brought by the plaintiff, the Hilton Bridge Construction Company, against the Gouverneur and Oswegatchie Railroad Company and the New York Central and Hudson River Railroad Company and Benjamin N. Sherman and Ike Kinne, the two latter being subsequent lienors. The Central Hudson made a motion at Special Term to have the receivers of the Moffett, Hodgkins and Clarke Company and Mr. Louis Marshall, as assignee of the same company, and also Messrs. Conger and Orvis, attorneys of the same company, made parties defendant. The motion was granted at the Special Term and affirmed at the General Term, and from the

order of affirmance the plaintiff appeals here.  From · the papers it appears that the plaintiff brings its action against the two railroad companies to foreclose a mechanic's lien for bridges furnished in the construction of the Oswegatchie railroad under the following circumstances : The Oswegatchie Railroad Company was incorporated for the purpose of building and using a railroad between certain points in the county of St. Lawrence and it made a contract with the Central Hudson Company by which the latter company contracted to build the railroad and then to lease the right to use the same as a railroad during the corporate existence of the company. The Central Hudson Company then entered into a contract with the Moffett Company to build the road, by which the latter contracted, first, to acquire all the right of way for the railroad ; second, to build the railroad and furnish all the materials except the rails, and, third, to assign to the order of the Central Hudson · Company all the capital stock, etc., of certain railroad companies named in the contract.  The Central Hudson Company agreed to furnish all the rails and to pay the Moffett Company the sum of $241,000 in cash in four payments of some $38,000 each, and the balance, some $86,000, when the Moffett Company had fully performed its contract in all its parts and when it was shown that no mechanics' or other liens for work or labor done or materials furnished under the contract had been filed.  The plaintiff was employed by the Moffett Company to build the necessary bridges, and they were completed by the plaintiff on the 15th of June, 1893.  On the 2d of June, 1893, the plaintiff alleges that none of the three things which the Moffett Company had agreed to do had been completed, nevertheless the Central Hudson Company had made to it the four payments of $38,000 each and twenty-six thousand odd dollars on account of the last payment of $86,000, and the plaintiff alleges that this last payment of $26,000 was made in advance of the terms of the contract, as no portion of the $86,000 last to be paid was due until entire performance of the contract by the Moffett Company and until it was known that no

mechanic's lien was or would be filed.  As the Moffett Company had thus failed to fulfill the first contract, the Central Hudson and the Moffett Company made another and second one on the second of June, 1893, under which certain payments were to be made and by which the Central Hudson was to advance and pay to the Moffett Company $20,000 on account of the last payment mentioned in the first contract as soon as it was satisfied that the right of way had been procured.  The Central Hudson thereupon took possession of the railroad, completed it and began running it on the 1st of August, 1893, and under the second contract it advanced $15,000 instead of the $20,000 provided for, although the right of way had not been at that time all procured, and to clear up what was left undone would cost according to plaintiff's papers over $1,500, and according to the papers used on this motion over $4,700.  The plaintiff alleges that this last payment of $15,000 was also made in advance of the terms of both contracts, and that no part of either payment was due when made.

The success of the plaintiff, therefore, depends upon the existence of the fact that payments were made by the Central Hudson Company to the Moffett Company in advance of the terms of the contracts as claimed.  The Central Hudson Company admits that it has overpaid the Moffett Company, and that nothing is due to that company under either of its contracts, and that it took possession of the Oswegatchie railroad and completed it as stated at its own expense and that the Moffett Company is really in its debt.  Unless, therefore, the plaintiff can establish this fact of payment of money before it was due under the terms of the contract by the railroad company to the Moffett Company, it cannot maintain this action. The plaintiff says that this fact is admitted by the parties to the action and such admission is all that is necessary to establish this claim.

Under the Lien Act of 1885 (Chap. 342) it has been held in this court that where the owner has made payments to his contractor, although without fraud or collusion, before they

are due under the terms of the contract, such payments cannot be allowed to the owner. (*Post* v. *Campbell*, 83 N. Y. 279, 283.) The admission of the Central Hudson Company as to the fact of such payments while good as against itself in favor of the plaintiff, does not and cannot bind the Moffett Company, and this action, if it should proceed to judgment without the presence of the Moffett Company, would be no obstacle to the latter company in an action which it might bring against the Central Hudson Company to obtain payment for a balance it might claim under its contracts with that company. The judgment in this action would not bind the Moffett Company because it is not a party to it. The fund out of which the plaintiff seeks satisfaction of its lien arises by virtue of alleged payments made on these contracts before they were due, and the Moffett Company has an interest in that question. If the plaintiff is right as to its claim as to payments made by the Central Company before they were due to the Moffett Company under the terms of its contracts, the amounts of such payments cannot be allowed the Central Company and it is liable to pay the same to the plaintiff to the amount of its lien. It ought not to be subjected to the hazard of a controversy with the Moffett Company upon this same question and of making a payment to it based upon the fact that payments to the Moffett Company had not theretofore been made before they were due and that it still owed the Moffett Company upon these contracts. If sued separately the Central Co. runs the risk of paying twice. The two claims are inconsistent in fact, and if the Central Company is liable to pay the plaintiff on the ground claimed, it is not liable to pay the same to the Moffett Company. Ought not these two liabilities, arising out of one and the same transaction, to be heard and decided together in this equitable and statutory suit and the Central Company thus saved from possible complications. If not made a party here, of course the Moffett Company is not bound by any judgment that may be entered in this action; but has not the Central Company a right to ask the court to direct that the Moffett Company

shall be brought in as a party so that it may be bound by the adjudication in this case? Taking into consideration the fact that this action is of an equitable nature, brought (under a special statute which gives the right) to foreclose a lien upon a railroad company, the existence and amount of which lien is to be determined, not alone by the amount due the plaintiff from the Moffett Company, but also by the existence of the fact that payments were made by the Central Company to the Moffett Company before they were due, we think it cannot be said that it was improper to join the Moffett Company as a defendant in this action, not for the purpose of obtaining a judgment by the plaintiff against the Moffett Company (unless it desire it), but for the purpose of binding the Moffett Company by the determination in this action of those facts out of which the plaintiff's lien is to arise, and thus to save the Central Company from a possible second payment on a judgment in another action in regard to the same subject. The fact that a complete determination might be had of the question between the plaintiff and the Central Hudson Company on the allegations of the plaintiff admitted by that company is not an answer to the objection which the Central Hudson Company sets up, that unless the Moffett Company be made a party the adjudication herein will not bind that company, and that company, in a subsequent action brought against the Central Hudson Company to obtain payment of moneys it alleged to be due, might also obtain a judgment and secure a payment from the Central Hudson Company by reason of a different determination as to the actual facts arising out of this same transaction and subject-matter, which had been already determined the other way in this action without the presence of the Moffett Company.

In the case of *Chapman* v. *Forbes* (123 N. Y. 539) we held that in an action at law, pure and simple, a plaintiff could not be compelled to bring in other parties where the determination of the subject-matter involved in the action itself could be completely had between the original parties, and where the judgment in that action would form no obstacle to any claim

which a third party might thereafter make against the defendant in that action. In an action at law of that nature, and in regard to the circumstances of that particular case, we held that the sections of the Code (§§ 452 and 447) did not give to the defendant the right to have another party brought in as a party defendant where his presence was not necessary to a complete determination of their rights as between the two parties to the action.

This case arises under the Mechanics' Lien Law, and it is an action peculiar to itself and one in which we think it proper that the contractor should be brought in where the plaintiff's cause of action depends upon the payments made by the owner to the contractor before they were due under the terms of the contract. The existence of the fund upon which the plaintiff depends for its cause of action thus depends upon and arises out of the very subject-matter of the contracts and payments under them, and in such case we think it but fair that the litigation should be ended on that subject in one action. Hence, if the Moffett Company were in existence it would be proper and appropriate to cause it to be brought in as a defendant. As this cannot be done the receivers may be made parties as representatives of the company. It appears that when the plaintiff first commenced this action it made the Moffett Company a party defendant, and after the service of the summons and complaint on the railroad companies, but before service upon the Moffett Company had been made, the latter company became insolvent and went into the hands of receivers. A few days prior to that time the Moffett Company assigned to Mr. Louis Marshall all the amount which might be found due to it under the contracts which it had with the Central Hudson Company as collateral security for professional services performed by the assignee and for money loaned to that company. At the time of the appointment of the receivers the ordinary injunction order was issued by the court, enjoining all persons from commencing any suit against the company and providing for proving any claims against the company before the receivers. Thereupon the plaintiff

amended its summons and complaint by striking out the name of that company as a party defendant. The railroad companies put in their answers and set up the fact of the appointment of the receivers for the Moffett Co. and the assignment by the company to Mr. Marshall, and alleged that they were proper and necessary parties to the action, without whose presence a complete determination of the controversy could not be had. The same principle which permits the court to direct the bringing in of the receivers of the company would prevail, as it seems to me, in regard to Mr. Marshall. The company has assigned to him, as is alleged, all the moneys which might be found due and owing to that company from the defendant, the Central Hudson Company. An admission on the part of the Central Hudson Company and of the Moffett Company as to that amount would not bind Mr. Marshall. If that assignment be a valid and subsisting one, which I assume it to be, Mr. Marshall stands to that extent in the place of the company, and whether there is any amount due the company, and, hence, due to him, depends upon the state of facts which I have already alluded to when speaking of the propriety of making the Moffett Company a party. I do not say that he is a necessary party, but I do think that he is a proper party under the circumstances, so that Mr. Marshall shall be bound by the determination in this action of those facts out of which may arise the liability of the Central Hudson Company to pay the Moffett Company any further moneys under either of these contracts above alluded to. Otherwise, as the assignee of the Moffett Company, Mr. Marshall might bring an action against the Central Hudson Company and make the same claim that his assignor had or might have done. Which of the two, the receivers or Mr. Marshall, may be entitled to any moneys under those contracts, or whether either is entitled to anything, is matter to be determined herein after a consideration of all the facts to be proved in the case.

The court, in addition to directing the above parties to be brought in, also directed that the attorneys for the Moffett Company should be made parties defendant. The facts are as

follows: As the Moffett Company had engaged in its contract with the Central Hudson Company to obtain the rights of way, among other things, for the purpose of building the Oswegatchie railroad, the Moffett Company retained Messrs. Conger and Orvis to attend to that part of the work, and they have under that retainer done a large amount of very valuable work for that company. They have procured the right of way to a very large extent and have in their possession contracts, title deeds and other papers relating to the business upon which they claim, and, so far as appears from the record, they have a lien for their professional services. They allege that there is still due them from the Moffett Company a sum of about $2,000, and the Central Hudson Company claims that they are necessary and proper parties to be made defendants in this action, and the courts below have so held. We cannot see upon what ground the decision can be upheld. They have no lien or claim of any kind upon this fund in any event. Whatever amount may be found due, if any, from the Central Hudson to the Moffett Company, they have no title to or lien upon such amount. If we assume that the Moffett Company has not performed its contract with the Central Hudson and did not obtain the right of way and give to the Central Hudson all the necessary proofs and title deeds in regard to it, and that the Central Hudson Company will have to pay the attorneys in order to obtain the necessary muniments of their title, and may, therefore, deduct that amount from any sum which the Central Hudson Company might otherwise owe to the Moffett Company, there is still no reason for making the attorneys parties to this action. If the Central Hudson pay that sum to the attorneys, the latter have no further interest in the matter, and we may assume that what the Central Hudson pays to the attorneys, it may claim the right to deduct from any amount due on the contracts with the Moffett Company. With that question the plaintiff has nothing whatever to do, no interest in it, no right to be heard in regard to it, and its own right can be neither increased nor diminished by any determination in regard to that ques-

tion.   Its rights depend upon the overpayment already made at the time when its lien was filed.   If that fact cannot be established, this cause of action goes; if it can, this action is so far proved.   In neither event have these attorneys any right to appear in the action; if made defendants, they would have no right to litigate the question of the amount (if any) due from the Central to the Moffett Company, because it would have no bearing upon any of their rights or claims against the Moffett Company.   The amount due that company might be increased, but the attorneys would have no lien upon a dollar of it, and, if diminished, their rights would be totally unaffected.   In no aspect of the case can we see any propriety in their being made parties.   The decision of the court below directing them to be brought in was not matter of discretion and was legal error.

The order must, therefore, be modified by striking out the names of the attorneys in the directions given to bring in parties, and, as modified, the order should be affirmed, without costs to either party in this court.

All concur, except FINCH and O'BRIEN, JJ., not sitting.

Ordered accordingly.