(152 App. Div. 596.)

GEORGE W. MALTBY & SONS CO. v. CHARLES P. BOLAND CO. et al.

(Supreme Court, Appellate Division, Third Department. September 27, 1912.)

1. MECHANICS' LIENS (§ 263*)—ACTION TO FORECLOSE—PARTIES.

  While Lien Law (Consol. Laws 1909, c. 33) § 44, mentions only co-lienors and subsequent lienors as necessary parties to an action to foreclose a mechanic's lien, yet under the provision of section 43 that, in such an action, the provisions of the Code of Civil Procedure with respect to foreclose of a mortgage shall be followed, the owner of the property is a necessary party, and, the action being by a subcontractor, the contractor is a proper party, and, is a necessary party if plaintiff desires to preserve his rights of personal judgment against him in case of failure to establish the lien.

  [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 471–481; Dec. Dig. § 263.*]

2. MECHANICS' LIENS (§ 277*)—FORECLOSURE BY SUBCONTRACTOR—RIGHT OF CONTRACTOR TO TRIAL OF ISSUES.

  The principal contractor, made a defendant in an action against the owner of the property, the contractor, and all other lienors, for foreclosure of the lien of a subcontractor, the complaint in which alleges per-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

formance of plaintiff's contract, and performance of the principal contractor's contract with the owner, and the fact of there being due by the owner to the principal contractor, at the time of filing plaintiff's lien, a sum sufficient to pay plaintiff, is entitled, under its answer alleging that nothing became due plaintiff, because the architect refused to issue his certificate and the owner refused to accept the work, but. that the owner's refusal was unauthorized and unwarranted, and the architect's refusal unreasonable, and that the work and material of plaintiff and the other lienors was in full and proper performance of the principal contract, to a trial of such issues, involving equities and the determination of rights between all parties; and this though there is pending an action by the principal contractor against the owner for the balance on the contract, in which such issues have been joined.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 546–554; Dec. Dig. § 277.*]

3. PLEADING (§ 332*)—SERVICE—ANSWER.

Though the decision of the questions involved might be as binding without such service, it is proper and within the privilege of a defendant to serve his answer on another defendant, as well as on plaintiff.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1003–1010; Dec. Dig. § 332.*]

Appeal from Special Term, Rensselaer County.

Action by the George W. Maltby & Sons Company against the Charles P. Boland Company and others. From the part of an order striking out the answer of said defendant as against its codefendant, the Emma Willard School, it appeals. Reversed, and motion denied.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Thomas S. Fagan, of Troy, for appellant.

William C. Gordon, for respondent.

HOUGHTON, J. The appellant Charles P. Boland Company entered into a contract with the defendant Emma Willard School (formerly the Troy Female Seminary), for the erection of certain buildings on real property belonging to it. The plaintiff, George W. Maltby & Sons Company, entered into a contract with the contractor to furnish the marble work. Not having been paid in full, the plaintiff filed a mechanic's lien, and brought this action to foreclose the same, making the owner and contractor and other lienors parties.

The complaint contains the usual allegations to the effect that the plaintiff furnished materials and performed work in accordance with the contract which it made with the contractor, and that the contractor fully performed its contract with the owner, and that at the time of filing the lien there was due and payable by the owner to the contractor a sum more than sufficient to pay the plaintiff. The ordinary relief that the claims of other lienors be adjusted, and that the premises be sold to satisfy such claim as plaintiff might establish, is demanded. To this complaint the contractor answered, admitting that the amount claimed remained unpaid, and that the plaintiff had fully performed the subcontract, but al-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

leging that the owner had refused to accept the same in performance of its own contract, and that the architect had refused to issue his certificate for payment, and that by reason thereof, according to the plaintiff's contract, nothing had become due and payable to the plaintiff. The answer further alleged, however, that such refusal of the owner to accept was unauthorized and unwarranted, and that the refusal of the architect to issue his certificate was unreasonable, and as relief demanded that it be adjudicated that such refusal to accept was authorized, and that such refusal to issue the certificate was unreasonable, and that it be adjudged that the material furnished and work done by the plaintiff and other lienors who were made defendants was in full and proper performance of its contract with the owner, and that the balance withheld thereon be declared due and payable. This answer was served not only on the plaintiff, but on the defendant owner, Emma Willard School. The Emma Willard School, without answering, but preserving its right so to do, moved to set aside such service as against it, and the motion was granted. The contractor appeals.

The respondent seeks to sustain such order on the ground that the contractor had previously brought an action against the owner to recover the alleged balance due on the contract, in which action issue had been joined as to all matters pertaining to performance and nonperformance, and as to which a jury trial was a matter of right, and upon the further ground that there were no equities existing between the contractor and the owner in the present action which were proper to be or required to be adjusted between the contractor and the owner, to the delay and hindrance of the plaintiff.

[1] We cannot concur in this view. Both the contractor and the owner were proper and necessary parties to plaintiff's action of foreclosure. It is true that section 44 of the Lien Law (Consol. Laws 1909, c. 33) mentions only colienors and those having subsequent liens against the property by judgment, mortgage or otherwise, as necessary parties. But section 43 declares that, where a mechanic's lien is foreclosed in a court of record, the provisions of the Code of Civil Procedure with respect to actions for the foreclosure of a mortgage must be followed. The plaintiff could get no valid decree of foreclosure and sale of the owner's property without making such owner a party defendant, and, if for any reason the plaintiff should fail to establish its lien, it could get no personal judgment against the contractor without making him a party. The owner was therefore a necessary party and the contractor an entirely proper party and a necessary one if the plaintiff desired to preserve its full rights to a personal judgment against it in case of failure to establish its lien.

[2, 3] By its complaint the plaintiff alleged and must prove in order to obtain a decree of foreclosure and sale, unless the owner shall admit the fact, not only that it performed its contract as subcontractor, but that the contractor fully performed its own contract, and that there remained some amount due and payable from

the owner to it. If the owner refused to accept plaintiff's work in fulfillment of the general contract, plaintiff must prove that such refusal was unwarranted; and, if the architect withheld his certificate, plaintiff must prove that such withholding was unreasonable, because by the contract no payment was due until such certificate was given. From the attitude of the owner it cannot be assumed that it will admit that its position was unwarranted and unreasonable, and that the contract was, in fact, fully performed, and that the amount claimed became due and payable. But, whether it is prepared to make such admissions or not, the answer of the contractor to the plaintiff's complaint tenders an issue, and is not frivolous. The object of the action is to foreclose the lien and sell the owner's property. If for any reason the lien falls, the law permits a personal judgment to be taken against the contractor; but such judgment can be taken only in case of the failure of the lien. In effect, the answer of the contractor alleges that nothing became due the plaintiff because it obtained no certificate of the architect or acceptance of its work. This allegation is not vitiated by the fact that such answer also alleges that the refusal to accept was unwarranted, and the withholding of the certificate unreasonable. Such an admission is not binding on the owner, and has no effect on its rights. If the plaintiff succeeds in proving not only that its own contract was fully performed, but that the general contract was fully performed, and that the refusal to accept was unwarranted, it will follow that the withholding of the certificate of the architect was unreasonable.

The contractor being a proper party to the controversy, and the owner being a necessary party, the contractor had the right to have the issues tendered by plaintiff's action regularly and properly decided. Necessarily these issues involve equities, and the determination of rights between itself, the defendant contractor, and the defendant owner with respect to the fulfillment of the general contract in so far as plaintiff's contract may have fulfilled such general contract, and the contractor is entitled to such binding effect as the determination of those rights may give. The same is true as to the other lienors in so far as a fulfillment of their contract involves fulfillment of the general contract.

It may be that a decision of the questions involved would be just as binding without cross service of answers as with, but it is entirely proper and within the privilege of one defendant to serve his answer upon the other.

The situation is wholly unlike that existing in Alyea v. Citizens' Savings Bank, 12 App. Div. 574, 42 N. Y. Supp. 185, upon which respondent relies, for in that case it was held that the contract with the bank was independent of the building contract, and therefore not within the issues involved in the foreclosure of the mechanic's lien. Very likely it would be more desirable for the respondent to try the action brought by the contractor against it before a jury unhampered by any decision that may be made in the present case. It finds itself, however, lawfully involved in the

present action where it must confess judgment or meet the issues tendered. The pendency of the action brought by the contractor is no bar to the present one brought by this plaintiff.

It is the policy of the court to avoid multiplicity of actions, and in the foreclosure of mechanic's liens the courts have always favored and often compelled, by the bringing in of additional parties, a settlement of the whole controversy in the one suit. H. B. C. Co. v. N. Y. C. & H. R. R. Co., 145 N. Y. 390, 40 N. E. 86; Mellen v. Athens Hotel Co., 149 App. Div. 534, 133 N. Y. Supp. 1079; Hinkle v. Sullivan, 108 App. Div. 316, 95 N. Y. Supp. 788.

We see no reason why such pertinent issues as are presented should not be disposed of in the present action irrespective of the former one, and it follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.