Isidob Wassebvogel,
Spec. Ref. This is a consolidated action. The four actions it comprises are:
(1) An action hy defendants Barr and Patrick against defendants 66 East 80 Realty Corp., Fidelity and Deposit Company *912 of Maryland and Arr-Em Plastering Corp. for: (a) foreclosure of a mechanic’s lien on the premises 66 East 80th Street, in the Borough of Manhattan, City of New York; and (b) work, labor and services rendered and materials furnished;
(2) An action by plaintiff Kliniek against defendants 66 East 80 Realty Corp. and Park East 80th Builders Corp. to foreclose a mechanic’s lien on said premises;
(3) An action by defendant 66 East 80 Realty Corp. against defendants Barr and Patrick for damages for breach of contract;
(4) An action by defendant 66 East 80 Realty Corp. and Park East 80th Builders Corp. against plaintiff Kliniek for damages for breach of contract.
In the first of these actions, a cross complaint and counterclaim were interposed by defendant Arr-Em Plastering Corp. against defendants Barr & Patrick, 66 East 80 Realty Corp. and Park East 80th Builders Corp. for foreclosure of a mechanic’s lien on said premises.
The parties involved in these actions are:
(a) 66 East 80 Realty Corp., owner of the premises in question;
(b) Murray Barr and Seymour Patrick, engaged by the owner as general contractors to remodel the premises;
(c) Park 80th Builders, Inc. (also referred to as Park East 80th Builders Corp., Park East 80th Builders, Inc., and Park 80th Builders Corp.), a corporation set up by the owner and the general contractors, for the latter’s convenience, to act as an agent for the general contractors in the making of contracts with subcontractors, the receiving of moneys from the owner and the disbursing thereof to subcontractors;
(d) Louis Kliniek, masonry subcontractor;
(e) Arr-Em Plastering Corp., plastering subcontractor;
(f) Fidelity and Deposit Company of Maryland, the surety on the bond posted to discharge the several mechanics ’ liens.
This litigation arose from an oral contract for the alteration and remodelling of the building at No. 66 East 80th Street for the purpose of converting it into a multiple dwelling. This contract was made in November, 1955, between the owner and the general contractors. Although the agreement was not in writing, its terms are not substantially disputed by either of the parties and are clearly established by the evidence adduced upon the trial. The general contractors undertook to perform the work, labor and services and to furnish the materials to remodel the building in accordance with the plans and specifications prepared by one Herzog, an architect. The contract was on a “ cost plus ” basis, to wit, the actual cost to the general contractors of *913 labor and materials, plus a sum equal to 15% of the total cost of labor and materials. In no event, however, was the total price to exceed $150,000. In March or April, 1956, after the work had been begun, the contract was modified by a further oral agreement because of anticipated extra work. The general contractors and the owner then agreed to increase the total maximum price, including all extras, to $153,500.
The general contractors seek to escape from the terms of this contract in three ways. The first is by the specious claim that the term “ specifications ” did not mean the architect’s specifications but referred to his notes on the plans. The second is by a claim that they did not receive the specifications until months after they started the work. The third, although not clearly formulated, appears to be that the owner waived the total price limitation in regard to all extras. None of these three claims, however, is substantiated by the credible evidence. Therefore, the general contractors cannot, in any event, recover from the owner more than the difference between the sum of $146,351.76, the amount heretofore paid to or for the general contractors on account of this job and $153,500, the final maximum total price under the contract, as modified.
However, the general contractors failed to prove full performance of the contract on their part. The proof shows, and it is, indeed, admitted by them, that the work, as done, did not conform in several respects to the architect’s plans and specifications which are part of the contract. An analysis of the record establishes the following failures to follow these plans and specifications:
(1) Location of the boiler room in an inadequate existing cubicle instead of a newly constructed room, as indicated by the plans;
(2) Installation of an improperly pitched gravel roof instead of a properly pitched rubberoid roof, as specified;
(3) Deviation from the plans in regard to the design of the brick work of the front of the building;
(4) Omission to “ chase ” steam pipes into the walls or to cover them as indicated by the plans.
(5) Construction of a stairway from the yard to the cellar omitting the platform or drain indicated by the plans;
(6) Installation of rubber tile flooring in the public halls instead of the ceramic tile called for by the specifications;
(7) Building a parapet wall for the terrace only 30 inches high instead of 42 inches as indicated by the plans.
Since their claim can thus be based, at best, on substantial performance, the general contractors have failed to prove the *914 facts necessary to sustain any recovery by them on the contract as set forth in their first cause of action, because “ the contractor cannot recover the entire contract price when defects or omissions appear, for he must show not only that they were unsubstantial and unintentional but also the amount needed to make them good, so that it can be deducted from the contract price and recovery had for the balance only.” (Blanchard v. City of Saratoga Springs, 241 App. Div. 193, 194-195 see, also, Spence v. Ham, 163 N. Y. 220.)
There is no question, however, that the greater part of the work called for by the contract between the parties was done. It necessarily follows, therefore, that the general contractors are entitled to recover under the quantum meruit count of their complaint for the reasonable value of such work, as prayed for in the second cause of action. The amount demanded therein is in excess of $174,000. Giving due consideration to the work actually performed and the defects or omissions established by the evidence, I hold that the reasonable value of the work performed by the general contractors is the sum of $151,000. Inasmuch as the owners have already paid $146,351.76, as above stated, the balance due and owing to the general contractors is fixed at $4,648.24.
The liens of the masonry and plastering subcontractors against the owner rest upon the theory of subrogation to the rights of the general contractor. (Szemko v. Weiner, 176 App. Div. 620.) A subcontractor is restricted in his claim to satisfaction out of whatever amount, if any, is due and unpaid from the owner to the general contractor. (Soll v. Camardella, 277 App. Div. 1004.) He has the burden of proving that, at the time of filing his lien, a sum was due to the general contractor or thereafter became due to him, to which his subcontractor’s lien could attach. (Brainard v. County of Kings, 155 N. Y. 538.) He is under the same obligation to prove performance and to the same extent that the general contractor would be.
The evidence here shows that the work of the masonry subcontractor was not performed in a good and workmanlike manner. Thus he is not entitled to any recovery against either the owner or Park Bast 80th Builders Corp. (Kalt Lbr. Co. v. Sterner, 121 Misc. 505.)
Arr-Bm Plastering Gorp., the plastering subcontractor, however, is entitled to recover against the general contractors for the unpaid balance of $3,200 claimed and proved by it.
The owner seeks to recover from the general contractors and also from Louis Klinick, the masonry subcontractor, *915 damages for "breach of contract, charging that the general contractors failed in important particulars to do the work called for by the plans- and specifications and that part of the work they performed was improperly done, and that the masonry contractor did not do his work in a good and workmanlike manner. It is to be noted that Park 80th Builders, Inc. (as Park East 80th Builders Corp.), the agent of the general contractors, joined in the action against the masonry subcontractor and that the complaint was verified by defendant Patrick, one of the general contractors, as an officer of such corporation. Although the claims of the owner of improper performance are borne out by the evidence, no competent proof rof damage has been offered upon which recovery may be had.
Therefore, except as hereinabove set forth, the complaints of Klinick against 66 East 80th Realty Corp. and Park East 80th Builders Corp., of 66 East 80 Realty Corp. and Park East 80th Builders Corp. against Klinick, and of 66 East 80 Realty Corp. against Barr and Patrick, the counterclaim of 66 East 80 Realty Corp. against Barr and Patrick, the cross complaint and counterclaim of Arr-Em Plastering Corp. against 66 East 80 Realty Corp. and Fidelity and Deposit Company of Maryland and the first cause of action of Barr and Patrick against 66 East 80 Realty Corp,, Fidelity and Deposit Company of Maryland and Arr-Em Plastering Corp. are dismissed on the merits.
Judgment is rendered in favor of Barr and Patrick against 66 East 80 Realty Corp. and Fidelity and Deposit Company of Maryland for the sum of $4,648.24, as above stated, together with interest thereon from April 10, 1957. Likewise, judgment is awarded in favor of Arr-Em Plastering Corp. on its cross complaint and counterclaim against Barr and Patrick for the sum of $3,200, with interest thereon from April 22, 1957.
No costs are awarded.
Settle decree accordingly within 10 days on 3 days’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.