■ MARTIRANO CONSTRUCTION CORP., Respondent, v BRIAR CONTRACTING CORPORATION et al., Defendant; TISHMAN CONSTRUCTION CORPORATION OF NEW YORK et al., Appellants, and MONTFORT BROTHERS, INC., Respondent. — In an action, *inter alia,* to recover damages for breach of contract and misappropriation of trust funds, defendants Tishman Construction Corporation of New York and the New York Girl Scouts, Inc. appeal from an order of the Supreme Court, Westchester County (Delaney, J.), entered August 16, 1983, which denied their motion to dismiss the amended verified complaint of plaintiff Martirano Construction Corp. and the cross claims of defendant Montfort Brothers, Inc. against them pursuant to CPLR 3211 (subd [a], par 7).

Order modified, on the law, by deleting the provision thereof which denied that branch of the motion which sought dismissal of the amended verified complaint as against appellants, and substituting therefor a provision granting that branch of the motion only to the extent of dismissing, as against appellants, the first cause of action and so much of the fourth cause of action of the amended verified complaint as was predicated upon willful breach of contract, severing those portions of the amended verified complaint as are dismissed and otherwise denying that branch of the motion. As so modified, order affirmed, without costs or disbursements.

This action involves a project undertaken by defendant Briar Contracting Corporation (Briar) to perform all the work and to furnish all the material and equipment necessary for the construction of the Edith Macy Conference Center in Mount Pleasant. The New York Girl Scouts, Inc. (Girl Scouts) owned the real property upon which the conference center was being built. In return for Briar's service, Tishman Construction Company of New York (Tishman), as agent for Girl Scouts, contracted to pay Briar in accordance with the terms of their agreement. Thereafter, on or about March 17, 1981, Briar entered into a subcontract agreement with plaintiff Martirano Construction Corp. in which Martirano agreed to perform all work as outlined in the "Division 4-Masonry" section of the contract between Tishman and Briar. The subcontract, by its terms, expressly made the contract between Briar and Tishman a part thereof. Moreover, the subcontractor was required to submit a list of suppliers and samples to the general contractor for approval by Girl Scouts.

Defendant Reliance Insurance Company executed and delivered to Tishman a written surety bond. By the terms of the surety bond, Reliance was obligated to incur liability in the event that Briar failed to promptly pay all those furnishing labor or materials in connection with the construction project.

During the course of the project, numerous disputes arose between Martirano and Briar concerning the progress and quality of the former's work as required by the subcontract as well as the propriety of various items of extra work and materials furnished by Martirano. As a consequence of these disputes, both Martirano and Briar claim that the other party has breached their subcontract agreement.

On or about November 20, 1981, Martirano filed a mechanic's lien against the premises owned by Girl Scouts based on what it claimed are unpaid sums due under its subcontract with Briar. Additionally, defendant Montfort Brothers, Inc. (Montfort), a subcontractor hired by plaintiff to supply masonry and building blocks for the project, filed a mechanic's lien against the premises for the balance owed to it for its delivery of materials. Pursuant to section 19 of the Lien Law, Briar caused both of said liens to be discharged by the filing of surety bonds in the office of the Westchester County Clerk.

Plaintiff Martirano thereafter commenced the instant action against Briar, Tishman, Girl Scouts, Reliance and Montfort. The amended verified complaint alleges a cause of action sounding exclusively in breach of contract, a cause of action to foreclose Martirano's mechanic's lien, a cause of action predicated on Briar's misapplication of trust funds in violation of sections 72 and 79-a of the Lien Law and a cause of action sounding in both breach of contract and misappropriation of trust funds. Defendant Montfort asserted cross claims against Briar, Tishman, Girl Scouts and Reliance based upon its assertion of a lien against the subject premises.

Tishman and Girl Scouts subsequently moved for an order pursuant to CPLR 3211 (subd [a], par 7) dismissing the amended verified complaint and cross claims in their entirety as against them. Tishman and Girl Scouts now appeal from the denial of that motion. Neither Briar nor Reliance is a party to the instant appeal.

It is well settled that a motion to dismiss for failure to state a cause of action will be denied in its entirety where the complaint asserts several causes of action, at least one of which is legally sufficient and where the motion is aimed at the pleading as a whole without particularizing the specific causes of action sought to be dismissed (*Brush v Olivo,* 81 AD2d 852; *Griefer v*

*Newman,* 22 AD2d 696; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:26; Siegel, NY Prac, § 265, p 325; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.38). In the instant case, however, Tishman and Girl Scouts specifically particularized the reasons why the respective causes of action should be dismissed against them. Accordingly, although dismissal of each and every cause of action is sought, it is our view that the moving papers sufficiently particularized each individual claim and the reasons for seeking dismissal of each (see *Brush v Olivo, supra,* p 853). We therefore address the motion to dismiss as applying to each cause of action separately.

The first cause of action of Martirano's amended verified complaint alleges a breach of the agreement between Martirano and Briar emanating from Briar's failure to pay for services performed thereunder. It has been held that a subcontractor may not assert a cause of action which is contractual in nature against parties with whom it is not in privity. Moreover, there exists no tort liability to incidental beneficiaries not in privity with the subcontractor plaintiff (see *Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 282). Absent any indication that Tishman or Girl Scouts were privy to the contract sued upon, the first cause of action of Martirano's amended verified complaint fails to state a cause of action against them. Moreover, the fourth cause of action of Martirano's amended verified complaint seeks additional damages for, *inter alia,* willful breach of contract. Inasmuch as the pleadings fail to indicate that Tishman and Girl Scouts were in privity of contract with Martirano, that portion of the fourth cause of action which sounds in breach of contract must also be dismissed as to them.

The second cause of action of Martirano's amended verified complaint and Montfort's first cross claim seek to foreclose upon mechanics' liens. Section 24 of the Lien Law provides that mechanics' liens "may be enforced against the property specified in the notice of lien and which is subject thereto and against any person liable for the debt upon which the lien is founded". Pursuant to subdivision 3 of section 44 of the Lien Law, "[a]ll persons appearing by the records in the office of the county clerk or register to be owners of such real property or any part thereof" are necessary parties in an action to enforce a lien against real property. Thus, Girl Scouts was properly made a party defendant.

Dismissal of these claims as against Tishman would likewise have been improper. There exists authority to the effect that a general contractor is also a proper party defendant in an action to enforce a mechanic's lien (*Hilton Bridge Constr. Co. v New*

*York Cent. & Hudson Riv. R. R. Co.,* 145 NY 390; *Maltby & Sons Co. v Boland Co.,* 152 App Div 596). Inasmuch as the parties have raised an issue of fact as to whether or not Tishman was a general contractor, summary judgment dismissing this claim against it would not be an appropriate remedy. "It is the policy of the court to avoid multiplicity of actions and in the foreclosure of mechanics' liens the courts have always favored and often compelled, by the bringing in of additional parties, a settlement of the whole controversy in the one suit" (*Maltby & Sons Co. v Boland Co., supra,* p 600).

This situation is not altered by Briar's filing of surety bonds to discharge the mechanics' liens. Such surety bonds are conditioned for the payment of any judgment which may be rendered against the subject property for the enforcement of the liens (see Lien Law, § 19, subd [4]). It therefore follows that although the property itself was released from the lien, for plaintiff to be entitled to recover, it must commence a formal action for the enforcement of the lien and obtain a judgment as if the lien still existed. Such judgment should then contain a provision directing the surety to pay the amount found due upon the lien (*Kelly v Highland Constr. Co.,* 133 App Div 579, 581; see, also, *Kinematics, Ltd. v Sprayview Constr. Corp.,* 27 Misc 2d 332, 333). Accordingly, the motion, insofar as it sought the dismissal of the cause of action and cross claim to foreclose upon the two mechanics' liens, was properly denied.

Both the third cause of action of Martirano's amended verified complaint and Montfort's second cross claim allege violations of sections 72 and 79-a of the Lien Law emanating from Tishman's and Girl Scouts' alleged diversion and misappropriation of trust funds. Additionally, the fourth cause of action is phrased in part in terms of "willful diversion and misappropriation of trust funds". It has been held that "the owner or the contractor is a trustee (Lien Law, §§ 70, 72) for the benefit of subcontractors, laborers and materialmen (Lien Law, § 71), who necessarily, therefore, become *cestuis que trustent* or beneficiaries of such trusts" (*Frontier Excavating v Sovereign Constr. Co.,* 30 AD2d 487, 489, app dsmd 24 NY2d 991). Martirano and Montfort allege that defendants Girl Scouts and Tishman, as trustees of the funds intended for distribution among the subcontractors, violated sections 72 and 79-a of the Lien Law. As such, a legally sufficient cause of action and cross claim have been asserted and the motion to dismiss was properly denied as to these claims. As indicated above, a factual issue exists with regard to the status of Tishman.

In conclusion, the order appealed from should be modified to the extent that the entire first cause of action of Martirano's

amended complaint as well as that portion of the fourth cause of action which sounds in breach of contract, should be dismissed. Inasmuch as the remaining causes of action of that pleading as well·as Montfort's cross claims are legally sufficient, the motion insofar as it was to dismiss them was properly denied. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.