■ JOAN HALPERN, Respondent, v HARRY HALPERN et al., Appellants. — In an action, *inter alia,* for construction or reformation of the terms of a separation agreement, defendants appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered August 1, 1984, which denied their motion to dismiss the complaint.

Order modified, on the law, by granting the aforementioned motion only to the extent of dismissing the first and third causes of action and severing those portions of the complaint which are dismissed. As so modified, order affirmed, without costs or disbursements.

In the first cause of action of the complaint interposed against the defendants Halpern and Lesser, as trustees of an insurance trust, plaintiff alleged, *inter alia,* that (1) pursuant to the terms of a separation agreement executed by her and the decedent, her former husband, on May 24, 1978 certain child support payments had to be paid by the decedent's estate and not by an

insurance trust which was established by the decedent during his lifetime, pursuant to the separation agreement and (2) the defendants as trustees of the insurance trust had improperly charged these costs against the insurance trust. Specifically, plaintiff alleged that (1) the costs of the children's private schooling, including college and graduate school and (2) the costs of the children's camp or substitute vacations, as provided for under clauses (f) and (g) of paragraph 1 of article IV of the separation agreement, were to be paid from the decedent's estate and not from the insurance trust.

In the third cause of action against the defendants Halpern, Lesser, and Fisher, as executors of the decedent's estate, plaintiff alleged that the decedent's obligation to pay alimony in the amount of $12,000 per annum and to pay child support in the amount of $20,000 per annum for each child, which were provided for under clauses (a) through (e) of paragraph 1 of article IV of the separation agreement, and which were concededly to be paid from the insurance trust, were to continue as obligations of the decedent's estate in the event the insurance trust fund became depleted.

It is well settled that a motion to dismiss for failure to state a cause of action will be denied in its entirety where the complaint asserts several causes of action, at least one of which is legally sufficient and where the motion is aimed at the pleading as a whole without particularizing the specific causes of action sought to be dismissed (*Martirano Constr. Corp. v Briar Contr. Corp.,* 104 AD2d 1028; *Brush v Olivo,* 81 AD2d 852; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3211:26; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.38). Although the defendants' motion to dismiss was addressed to the entire complaint, the defendants particularized why each of the respective causes of action should be dismissed against them. Accordingly, we may address the motion as applying to each cause of action separately (*Pollonow v Poughkeepsie Newspapers,* 107 AD2d 10; *Martirano Constr. Corp. v Briar Contr. Corp., supra*).

The documentary evidence mandates a dismissal of the first and third causes of action.

Article IV of the separation agreement is entitled "Support and Maintenance of the Wife and Children". After listing all of the decedent's obligations regarding alimony and child support in clauses (a) through (g) of paragraph 1 of article IV, the agreement provides in paragraph 3 of article IV as follows: "3 * * * *If the insurance trust provided for under Article VI, paragraph '6' of this agreement is in existence at the date of the*

*husband's death and the insurance referred to paragraph '1' of Article VI of this agreement are paid to such trust, then neither alimony nor child support shall be a charge upon the husband's estate, but shall be paid from such trust as provided for in paragraph '6' of Article VI of this agreement"* (emphasis supplied).

Paragraph 6 of article VI of the separation agreement provides: "6. Notwithstanding anything to the contrary herein contained, the husband, within six (6) months of the date of this agreement, shall designate as beneficiary of the life insurance a revocable trust to be established by him, the dispositive terms and conditions of which shall provide that, after husband's death, the trust income and principal shall be used *to satisfy fully the husband's alimony and support obligations under this agreement to this wife and children.* The trust agreement shall provide that the Trustees shall pay or apply to the wife and children so much of the net income of the trust and, to the extent that income is inadequate, so much of the principal thereof, as may be necessary *to carry out and perform the obligations of the husband under Article IV of this agreement to provide for the support and maintenance of the wife and children"* (emphasis supplied).

Paragraph 1 of article IV of the separation agreement required the decedent to maintain insurance on his life having an aggregate death benefit of $500,000.

On or about May 15, 1979, the decedent executed an indenture of trust thereby establishing the insurance trust contemplated by article VI of the separation agreement. Paragraph FOURTH B (1) of the insurance trust required the trustees, upon the death of the settlor, to hold the trust estate upon the following terms and conditions: "The Trustees shall pay to or apply for the benefit of Joan Halpern and the Settlor's children, Jon Halpern, Julie Halpern and Jason Halpern, so much of the net income of the trust estate (and to the extent that income is inadequate, so much of the principal thereof), from time to time, as may be necessary to carry out and perform the Settlor's obligations under Article IV of the Separation Agreement".

These provisions of the separation agreement and the insurance trust as written, unmistakenly provide that (1) all of the support obligations of the decedent, whether it be the $20,000 per annum for the support of each child or the payment for the children's private schooling and vacations, were to be paid from the insurance trust, and (2) the decedent's estate was to be relieved of all liability with respect to these payments, as well as the alimony payments, so long as the insurance trust was in

existence at the date of the decedent's death and was funded with $500,000 in life insurance proceeds.

Accordingly, the first and third causes of action must be dismissed.

The remaining causes of action, however, which seek, respectively (1) a formal accounting, (2) removal of certain defendants either as trustees or executors, and (3) reformation of the separation agreement, do state valid causes of action and should not be dismissed. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.