■ Douglas B. Paulsen, Respondent, v Ruth Paulsen et al., Appellants.—In an action, *inter alia,* for an accounting, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated March 28, 1988, as denied their motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendants' contention, the motion at issue was to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) and not for summary judgment pursuant to CPLR 3212. Moreover, the Supreme Court did not treat the motion as one for summary judgment *(cf.,* CPLR 3211 [c]; *Rokeach v Zaltz,* 112 AD2d 209). Therefore, contrary to the defendants' contention, the plaintiff had no obligation to demonstrate evidentiary facts to support the allegations contained in the complaint that a general partner-

ship agreement existed between Douglas and Alexander Paulsen and was breached by Alexander *(see, Palmisano v Modernismo Publs.,* 98 AD2d 953).

A motion to dismiss for failure to state a cause of action will be denied in its entirety where the complaint asserts several causes of action, the motion is aimed at the pleading as a whole without particularizing the specific cause of action sought to be dismissed, and at least one of the causes of action is legally sufficient *(Halpern v Halpern,* 109 AD2d 818; *Martirano Constr. Corp. v Briar Contr. Corp.,* 104 AD2d 1028; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3211:26; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.38). We agree with the Supreme Court that the first cause of action sufficiently states a cause of action based on a breach of an alleged general partnership agreement. Accordingly, the defendants' motion to dismiss the complaint was properly denied. Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.