■ STROBER BROTHERS, INC., Respondent, v KITANO ARMS CORP., Appellant, and FRANCIS A. LEE, INC., et al., Respondents. [638 NYS2d 90] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered May 8, 1995, which denied the motion of defendant-appellant Kitano Arms Corp. ("Kitano") for a stay

of an action by a subcontractor to enforce a mechanics' lien upon Kitano's property, unanimously affirmed, without costs.

Kitano hired defendant-respondent Francis A. Lee, Inc. ("Lee") to perform general contractor services in the renovation of the Kitano Hotel in New York City in March 1993. Plaintiff-respondent Strober Brothers, Inc. ("Strober"), was a subcontractor on that renovation project. In May 1994, Strober commenced this mechanics' lien foreclosure action against Kitano, alleging that it had supplied Lee with materials for the project valued at $66,275.43 for which it had not been compensated. Strober named Lee and several subcontractors on the project as defendants. Subsequently, Kitano asserted a cross-claim against Lee for excess costs incurred during the project. Defendants-respondents F&M Mafco, Inc., Titan Steel Fabricators, and A. Splescia, L.S., P. C., also asserted cross-claims against Lee and sought foreclosure on mechanics' liens against Kitano totaling $62,359.06.

In September 1994, Lee filed a chapter 11 bankruptcy petition in the Eastern District of New York. Kitano subsequently moved for summary judgment in this action, which motion was denied in February 1995. In March 1995, Kitano moved for a stay of this matter pursuant to section 362 of the United States Bankruptcy Code (11 USC) and CPLR 2201 based on the pendency of Lee's bankruptcy proceeding. The trial court denied this motion on the ground that Kitano, having proceeded with this matter and moved for summary judgment with knowledge that Lee had petitioned for bankruptcy, had waived its right to seek a stay.

We disagree with the trial court's conclusion that defendant Kitano waived its right to seek a stay of this action by moving for summary judgment with knowledge that Lee had filed a petition for bankruptcy. Nevertheless, we affirm the order denying the motion for a stay on the ground that defendant Lee is not a necessary party to this foreclosure action. It is well established that the purpose of the mechanics' lien statute is to provide an added degree of protection to persons who provide labor or material for construction projects by providing an independently enforceable security interest upon the construction property (*see, Matter of Niagara Venture v Sicoli & Massaro*, 77 NY2d 175, 180 [1990]). The lien statute is to be construed liberally to secure that beneficial interest and purpose (Lien Law § 23; *Madison Lexington Venture v Crimmins Contr. Co.*, 159 AD2d 256, 257 [1st Dept 1990], *lv dismissed* 78 NY2d 905 [1991]). Significantly, the Lien Law does not include general contractors within its list of necessary parties

to an action to enforce a lien against real property (Lien Law § 44).

While we recognize that a contractor may be a proper party to a lien foreclosure proceeding brought by a subcontractor (*see, Hilton Bridge Constr. Co. v New York Cent. & Hudson Riv. R. R. Co.*, 145 NY 390, 398 [1895]), we find that neither the Bankruptcy Code nor the CPLR compels a stay of the lien foreclosure actions against Kitano at this time. We are unpersuaded by Kitano's claim that Lee's status as a bankruptcy petitioner will preclude Kitano from obtaining records or testimony critical to its defense in this case. Moreover, we note that the burden of proving the existence of a lien fund and entitlement to recovery of a lien lies with the lienholder, rather than with Kitano (*Brainard v County of Kings*, 155 NY 538, 543-545 [1898]; *Klinick v 66 E. 80 Realty Corp.*, 15 Misc 2d 911 [Sup Ct, NY County], *affd* 9 AD2d 871 [1st Dept 1959]). Kitano will presumably have full opportunity to challenge the accuracy and sufficiency of any such proof proffered by plaintiff or other lienholders. Likewise, we reject Kitano's claim that this action must be stayed pursuant to 11 USC § 362. Kitano is not itself a petitioner in bankruptcy and has legal interests quite distinct from those of Lee. We are unpersuaded by Kitano's speculative claim that prosecution of the foreclosure action may subject Kitano to inconsistent judgments in the event that, at some future time, a trustee or person acting on Lee's behalf were to seek additional contract payments from Kitano. While resolution of all claims arising under the contract would be most economically achieved in a single action, such economy must in this case take second place to the purposes of the mechanics' lien provisions.

In sum, we see no cause at this time for a stay of this foreclosure action upon Kitano's motion during the pendency of Lee's bankruptcy proceeding. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Tom, JJ.