Simmons Mach. Tool Corp. v Skanska ECCO III JV (2021 NY Slip Op 06660)





Simmons Mach. Tool Corp. v Skanska ECCO III JV


2021 NY Slip Op 06660


Decided on November 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 30, 2021

Before: Renwick, J.P., Mazzarelli, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 450784/19 Appeal No. 14705 Case No. 2020-04541 

[*1]Simmons Machine Tool Corporation, Plaintiff-Appellant,
v
Skanska ECCO III JV Also Known as Skanska USA Civil Northeast Inc., et al., Defendants-Respondents.


Tabner, Ryan & Keniry, LLP, Albany (Brian M. Quinn of counsel), for appellant.
Mark L. Cortegiano, Middle Village, for Skanska Ecco III JV, respondent.
Susan Sarch, New York (Jennifer A. Mustes of counsel), for Metro-North Commuter Railroad Company, respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered October 23, 2020, which granted defendants' motions to dismiss the complaint with prejudice, unanimously affirmed, without costs.
In September 2014, defendant Metro-North Commuter Railroad Company (MNR) and defendant Skanska ECCO III JV a/k/a Skanska USA Civil Northeast Inc. (Skanska) contracted to have Skanska render labor, services, and materials for an MNR project, including the manufacture and installation of two wheel boring machines. In May 2016, Skanska subcontracted with plaintiff Simmons Machine Tool Corporation to have Simmons manufacture and install the two wheel boring machines. Both the MNR/Skanska contract and the Skanska/Simmons purchase agreement attached specifications that provided numerical metrics for wheel tolerances in the areas of accuracy, concentricity, taper, TIR, and repeatability, and required that 24 consecutive wheels bored meet those tolerances during a Factory Acceptance Test (FAT). In October 2017, Simmons conducted the first FAT on the wheel borers, and MNR's engineers reviewed the results and issued a review stating that MNR was not approving shipment of the equipment and required re-testing. In May 2018, Simmons conducted a second FAT on the wheel borers, and MNR's engineers reviewed the results. They issued a review stating that work may not proceed, directing Simmons to revise and resubmit, and including details about how many times the machines failed a number of the maximum specified contract tolerances for bore diameter accuracy, taper, and repeatability. On November 5, 2018, MNR sent a notice to Skanska that it was rejecting the two wheel borer machines because they failed to perform in accordance with the contract specifications. Neither MNR nor Skanska paid Simmons for the remaining amount owed for the machines, and Simmons brought this action to collect approximately $1.7 million. Defendants both moved to dismiss the complaint based upon the documentary evidence and failure to state a cause of action.
Based upon the unambiguous required numerical metrics included in the contract specifications, the FAT results, and the engineer's reports, the documentary evidence conclusively establishes that plaintiff failed to provide machines that complied with the specifications and therefore both defendants have a defense to the asserted claims as a matter of law (see Leon v Martinez , 84 NY2d 83, 88 [1994]; Morgenthow & Latham v Bank of N.Y. Co., 305 AD2d 74, 78-80 [1st Dept 2003], lv denied 100 NY2d 512). No parol evidence is permissible, as the numerical metrics required in the specifications are unambiguous. As plaintiff failed to satisfy the specifications, which are incorporated in both the MNR contract and purchase agreement, it cannot assert breach of contract claims against MNR or Skanska. Moreover, MNR was not in privity with plaintiff and plaintiff was merely an incidental beneficiary to the MNR contract. The tortious interference [*2]claim was properly dismissed as "[t]here exists no tort liability to incidental beneficiaries not in privity" (Artwear, Inc. v Hughes , 202 AD2d 76, 86 [1st Dept 1994]; see also Martirano Constr. Corp. v Briar Contr. Corp. , 104 AD2d 1028, 1030 [2d Dept 1984]).
This Court has considered plaintiff's remaining arguments and finds them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2021