D&W Design, Inc. v 360 Johnson, LLC (2025 NY Slip Op 04081)

D&W Design, Inc. v 360 Johnson, LLC

2025 NY Slip Op 04081

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-01888
 (Index No. 503357/21)

[*1]D & W Design, Inc., respondent, 
v
360 Johnson, LLC, et al., defendants, Sunshine Plaza, LLC, etc., appellant.

Jeremy Rosenberg, Chestnut Ridge, NY, for appellant.

DECISION & ORDER
In an action to foreclose a mechanic's lien, the defendant Sunshine Plaza, LLC, appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated December 22, 2022. The order, insofar as appealed from, denied that branch of the cross-motion of the defendants Sunshine Plaza, LLC, and Prompt Realty, LLC, which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against the defendant Sunshine Plaza, LLC.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to foreclose a mechanic's lien against, among others, the defendants Sunshine Plaza, LLC (hereinafter Sunshine Plaza), and Prompt Realty, LLC (hereinafter together the defendants). As relevant here, the defendants cross-moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against Sunshine Plaza. In an order dated December 22, 2022, the Supreme Court, among other things, denied that branch of the cross-motion. Sunshine Plaza appeals.
"On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Antoine v Kalandrishvili, 150 AD3d 941, 941; see Leon v Martinez, 84 NY2d 83, 87).
Here, the Supreme Court correctly determined that the amended complaint stated a cause of action against Sunshine Plaza as the general contractor on the subject project (see Hilton Bridge Constr. Co. v New York Cent. & Hudson Riv. R.R. Co., 145 NY 390, 397; Martirano Constr. Corp. v Briar Constr. Corp., 104 AD2d 1028, 1030; Maltby & Sons Co. v Boland Co., 152 App Div 596, 598; see also Strober Bros. v Kitano Arms Corp., 224 AD2d 351, 353). Accordingly, the court properly denied that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against Sunshine Plaza.
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court