## MURPHY v. WALSH.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. LIMITATION OF ACTIONS—PART PAYMENT—BURDEN OF PROOF.
    Where more than the statutory period has elapsed since the accrual of a right of action, the burden is on the creditor to show that a payment was made on the particular debt, under circumstances indicating an acknowledgment of the debt.
    [Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, § 716.]

2. SAME—SUFFICIENCY OF EVIDENCE.
    Evidence *held* insufficient to show that payments made to plaintiff within the statutory period were to be applied to the claim sued on.

Appeal from Westchester County Court.

Action by Dennis V. Murphy against Michael Walsh. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

William A. Walsh, for appellant.
Adrian M. Potter, for respondent.

JENKS, J. The plaintiff complains in his first cause of action that between March, 1883, and November 1, 1895, his assignor labored for the defendant, and furnished materials to him in consideration of $2,795.87, on which there was a balance due on November 21, 1895, of $873.47, and in a second cause of action that plaintiff's firm labored and furnished materials in building the defendant's house, No. 11o Palisade avenue, for $2,026. He alleges that "in consequence of the aforesaid two causes of action" defendant has paid $1,925.25, and asks for judgment for the balance due of $941.22. The jury gave a verdict for that amount to him, and the defendant appeals.

Aside from denials, the defendant pleads payment and the statue of limitations. The action was begun on January 13, 1904. To avoid the statute the plaintiff relies upon part payments within the statutory period. These payments consist of checks given to John A. Murphy, the then partner of the plaintiff, now dead, or to his order, one for $25 on July 5, 1898, and one for $11.75 on August 11, 1898. There is no dispute about the payments, but the controversy is over the application thereof. It appears that the plaintiff's assignor did considerable work for the defendant. He assigned "all his rights and interest" in the account of Michael Walsh, the defendant, to his sons on November 21, 1895. In the fall of 1895 the house, No. 115 Palisade avenue, was begun. It was finished in 1896. The plaintiff's assignor asserts that he began the work thereon, and then turned it over to his sons, of whom one is this plaintiff, and that they finished it, so that, as the son asserts, the contract price and extras became due to his firm. On the other hand, the defendant testifies that the said assignor solicited the contract for his sons, and that it was made with them. Which is the correct version is not material, inasmuch as it is not disputed that the contract was carried out and completed by the sons, and the payments thereunder were their due. On March 21, 1897, there was rendered an account to the defendant as indebted to Dennis Murphy, the assignor, wherein were specified various work done and materials furnished, beginning March 13, 1883. The debits amounted to $4,-821.87 and the credits to $3,780.65. Among the debits appears: "To contract for building house 115 Palisade avenue, 1,970. To extra for front brick house 115 Palisade avenue, 56." Among the credits is, "Received on account of house 115 Palisade avenue, by checks, 1,750." The total balance due stated is $1,041.22. The plaintiff insists that the two payments by checks of July 5, 1898, and of August 11, 1898, are part payments applicable on the entire account, while the defendant contends that they were specific payments on account of the contract with the plaintiff's firm for No. 115 Palisade avenue. The mere payments, "without anything to show on what account or for what reason the money was paid," cannot avail the plaintiff against the bar of the statute. The burden is upon the creditor to show that the payment was on the particular debt, so accepted, and under circumstances indicating an absolute acknowledgment by the debtor of more money due. Crow v. Gleason, 141 N. Y. 489, 36 N. E. 497. Putting aside the oral testimony as to the devotion of the payments for the moment, these facts appear: The main work on No. 115 Palisade avenue was done by the plaintiff's firm, and the money payable under the contract was due to them. The work was begun in the fall of 1895, and finished some time in 1896. It is admitted that between April 16, 1896, and August 8, 1898, the defendant gave checks to the order of John A. Murphy, one of the firm, to the amount of $1,861.75. It is admitted that the firm allowed the defendant for a cornice $108.25. The sum of these items is $1,970—the exact contract price for No. 115 Palisade avenue. Now this said sum of $1,861.75 was paid in various checks, almost all of them in considerable sums and in round numbers. Up to July 5, 1898, the sum of these checks is $1,825. The addition of the check of July 5, $25, makes $1,850, and the exact amount required to in-

crease that $1,850 to such sum ($1,861.75) as together with the allowance for the cornice ($108.25) exactly equaled the contract price for 115 Pallisade avenue ($1,970) is $11.75. This is the precise amount of the check paid on August 11, 1898. Thus the addition of both sums on which the contention of part payment is based is necessary to make up the exact sum of the contract price for this particular work on the house No. 115 Palisade avenue. Again, the said sum of $1,861.75 was paid between April 15, 1896, and August 9, 1898. At that time the firm held the assignment, dated November 21, 1895, of their father's claim. When the plaintiff sued, there were but two claims upon which these payments could be applied—either those covered by the first cause of action or that covered by the second cause of action. In his first cause of action he pleads that there was received and allowed in credits thereon $1,922.40, leaving a balance due and owing on November 21, 1895, of $873.47. Turning to the credits in the bill rendered, I find that the first four items—"Received on account of job 19 Main St., $550; received on account O'Neill's job, $175; received on account job 117 Palisade Ave., $1,150; amount of cornice to be deducted 117 Palisade Ave."—amount exactly to the credits pleaded in the first cause of action, namely, $1,922.50.

The present contention is opposed to the theory of the complaint. The assignor testifies that the $25 was paid on the whole account that was standing. He testifies that he knows this because the bill was sent to Mr. Walsh; but the bill referred to embraces the house No. 115 Palisade avenue, and the charges and credits therefor, so this is no reason at all. I find no other evidence that throws light upon the application of these payments.

The alleged item of $56 for extra work has no bearing on the question under discussion, inasmuch as it was not admitted. There was a dispute over it; the defendant contending that the more costly brick was covered by the original contract price. The defendant testifies that these two payments of $25 and $11.75, respectively, were in discharge of the contract for 115 Palisade avenue. I think that the plaintiff did not support the burden imposed upon him under the rule of Crow v. Gleason, supra, and that therefore there should be a new trial ordered; costs to abide the event. All concur.

