■ EMMA McKNIGHT, Respondent, v NEW YORK CITY HEALTH & HOSPITALS CORP., Appellant.—In a medical malpractice action, defendant, New York City Health & Hospitals Corporation, appeals from an order of the Supreme Court, Kings County, dated April 18, 1977, which granted plaintiff's motion to strike its affirmative defense that the action is barred because of plaintiff's failure to commence the action within the Statute of Limitations. Order reversed, without costs or disbursements, and motion denied. In view of the decision of the Court of Appeals in *Merced v New York City Health & Hosps. Corp.* (44 NY2d 398, 414-415), that the "foreign object" exception enunciated in *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427) is not available to defer the date of accrual of a claim based on malpractice in connection with a tubal ligation operation, the order of Special Term must be reversed and plaintiff's motion to strike defendant's affirmative defense must be denied. This action was commenced by service of a summons and complaint on April 20, 1976. The verified complaint alleges that on or about May 20, 1974, plaintiff underwent a vaginal tubal ligation and bilateral fistulectomy at Coney Island Hospital to prevent her from becoming pregnant; that in 1975 she became pregnant; and that on or about June 19, 1975, she had an abortion at Maimonides Medical Center. The summons and complaint were thus served nearly two years after the operation, but within 10 months after discovery of the pregnancy. However, under the Court of Appeals holding in *Merced (supra),* accrual of plaintiff's malpractice claim occurred on or about May 20, 1974, the date the tubal ligation procedure was performed, and not in June, 1975, when the pregnancy was discovered. Accordingly, plaintiff was required to commence the instant action within one year and 90 days after the operation on May 20, 1974 (see L 1969, ch 1016, § 1; New York City Health and Hospitals Corporation Act, § 20, subd 2). Titone, J. P., O'Connor, Shapiro and Martuscello, JJ., concur.