■ ROBERT BENNIN et al., Respondents, v RAMAPO GENERAL HOSPITAL et al., Defendants, and HERBERT SPERLING, Appellant.—In a medical malpractice action, defendant Sperling appeals from an order of the Supreme Court, Rockland County, entered August 29, 1978, which denied the motion of defendants Sperling and Levere to dismiss a portion of plaintiffs' complaint on Statute of Limitations grounds. Order reversed, on the law, with $50 costs and disbursements, and motion granted. This action was originally commenced to recover for defendants' alleged malpractice during an operation which took place in 1972. Subsequently, the plaintiffs obtained leave to amend their complaint to add allegations concerning malpractice by the defendant Sperling in surgical treatment rendered in 1968. Thereafter, Sperling and another defendant moved to dismiss the cause of action arising from the 1968 allegations as violative of the then applicable three-year Statute of Limitations. The motion was denied on the ground that the earlier grant of leave to amend was law of the case on the issue of Statute of Limitations. On this appeal from the order denying the motion to dismiss the cause of action the plaintiffs renew their contention that the Statute of Limitations issue had been raised and rejected on the motion to amend and therefore it could not serve as the basis for a motion to dismiss. The law of the case issue need not deter us here because a prior determination at Special Term sustaining the sufficiency of a complaint does not constitute law of the case in the Appellate Division (Klein v Smigel, 44 AD2d 248, affd 36 NY2d 809; see Bellavia v Allied Elec. Motor Serv., 46 AD2d 807). Turning then to the substantive issue, we hold that the claims which arise from the 1968 treatment are barred by the three-year Statute of Limitations applicable at that time since the record indicates that the period between the allegedly negligent surgical procedures exceeded four years. Because there was no intervening treatment, the "continuity of treatment" doctrine enunciated by the Court of Appeals in Borgia v City of New York (12 NY2d 151) does not apply. The rationale of Borgia was that the patient should be able to return to his physician for corrective treatment without running afoul of the Statute of Limitations. When the period between such treatments, however, exceeds the limitation period, the doctrine is inapplicable (see Naetzker v Brocton Cent. School Dist., 50 AD2d 142, revd on other grounds, 41 NY2d 929; Tool v Boutelle, 91 Misc 2d 464). Accordingly, the motion to dismiss the cause of action arising from the 1968 treatment should have been granted. Titone, J. P., O'Connor, Lazer and Mangano, JJ., concur.