■ REGINA BRUSH, Respondent, v EFREN OLIVO, Appellant. — Appeal by defendant, as limited by his brief, from so much of an order of the Supreme Court, Rockland County, entered January 20, 1981, as denied the branch of his motion which was for summary judgment dismissing the first and second causes of action asserted in plaintiff's complaint. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion granted to the extent of dismissing plaintiff's first and second causes of action. Defendant is a physician specializing in obstetrics and gynecology. Plaintiff was his patient. Defendant agreed to perform a surgical procedure upon plaintiff known as a bilateral vaginal tubal ligation for the purpose of rendering her permanently sterile. Plaintiff entered the hospital on January 13, 1974, the surgery was performed the following day and on January 20, 1974 she was discharged from the hospital. On or about December 30, 1977 plaintiff consulted defendant and he diagnosed that she was pregnant. She commenced this action by the service of a summons on or about November 21, 1978. The first cause of action asserted in plaintiff's complaint alleges that defendant committed medical malpractice in the performance of the operation and in caring for plaintiff thereafter. The second cause of action alleges that defendant committed malpractice in failing to obtain plaintiff's informed consent to the operation. The third and fourth causes of action are premised upon acts of the defendant in connection with plaintiff's subsequently diagnosed pregnancy. Defendant's answer asserted the affirmative defense of the Statute of Limitations and thereafter he moved for summary judgment upon that ground. Special Term denied the motion because plaintiff had failed "to particularize those causes of action for which dismissal is sought." This was error for two reasons. First, although it is the rule that a motion to dismiss for failure to state a cause of action will be denied in its entirety where the plaintiff's complaint asserts several causes, one of which is legally sufficient, and the defendant does not particularize the causes he wishes dismissed (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.38;

Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C3211:26), defendant here did not move to dismiss for failure to state a cause of action but, rather, his motion was grounded upon the bar of the Statute of Limitations. Second, although defendant's original notice of motion did not specify which of the plaintiff's four causes of action were barred by the Statute of Limitations, once the plaintiff raised the objection that he had failed to particularize his request for relief, defendant promptly conceded that the third and fourth causes of action were not time barred and he requested dismissal of only the first and second causes. Accordingly, it is our view that defendant did, in fact, sufficiently particularize those causes of action sought to be dismissed. The burden of proving the applicability of the affirmative defense of the Statute of Limitations is upon the party asserting it (CPLR 3018, subd [b]; 2 Carmody-Wait 2d, NY Prac, § 13:287); however, a party relying upon an exception thereto has the burden of proving that he or she comes within the exception (Beattys v Straiton, 142 App Div 369, 375; Murphy v Walsh, 113 App Div 428). In this case, the defendant has met his burden of proving that plaintiff's first and second causes of action were barred by the three-year Statute of Limitations contained in CPLR 214 (subd 6) under the general rules concerning claim accrual and interposition. The defendant's failure to obtain plaintiff's informed consent to the surgical procedure or his negligence in performing it had to have occurred on or before January 14, 1974 when the operation took place, and under the general rule that a cause of action to recover for malpractice accrues on the date of the act or ommission complained of (1 Weinstein-Korn-Miller, NY Civ Prac, par 214-a.03; Siegel, NY Prac, § 42), plaintiff's causes of action accrued on that date and her claims had to be interposed within three years thereafter. The summons was not served upon defendant until more than four and one-half years later. There are two recognized exceptions to the general rule governing claim accrual in malpractice actions, namely the "foreign object" exception of Flanagan v Mount Eden Gen Hosp. (24 NY2d 427), which holds that a malpractice claim based upon the failure to remove a foreign object from a patient during an operation accrues upon discovery of the wrong or of facts which would reasonably lead to its discovery, and the continuous course of treatment exception of Borgia v City of New York (12 NY2d 151), which holds that a malpractice claim accrues upon the cessation of a continuous course of treatment for the same or a related illness, injury or condition which gave rise to the claimed malpractice. In McKnight v New York City Health & Hosps. Corp. (70 AD2d 587) we held that the foreign object excpetion of Flanagan (supra) "is not available to defer the date of accrual of a claim based on malpractice in connection with a tubal ligation" (see, also, Merced v New York City Health & Hosps. Corp., 44 NY2d 398, 414-415). Plaintiff failed to meet her burden of establishing the applicability of continuous treatment exception. There is not the slightest intimation in this record that, from January 20, 1974, when she was discharged from the hospital, until on or about December 30, 1977, when defendant diagnosed her pregnancy, she consulted him about the sterilization procedure performed. Even if the consultation in December, 1977 can be deemed one concerning the same condition, namely her fertility, that consultation was neither a "course of treatment" for her unwanted ability to conceive nor "continuous" in light of the more than 3-year and 11-month unexplained hiatus between it and her discharge from the hospital. Thus, at the most, plaintiff has only shown that she received continuous treatment for the sterilization procedure until the day she was discharged from the hospital in January, 1974. Since she did not interpose the claims

asserted in her first and second causes of action within three years thereafter, they are time barred. Damiani, J.P., Lazer, Gibbons and Cohalan, JJ., concur.