■ ANDREW L. LOMBER, Respondent, v CAROLYN C. FARROW, as Executrix of REGINALD C. FARROW, et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Fischer, J.), entered June 15, 1981 in Tompkins County, which, *inter alia*, (1) granted a motion by plaintiff to dismiss the affirmative defense of the Statute of Limitations asserted by defendant Farrow and denied a cross motion by defendant Farrow to dismiss the complaint, and (2) denied a motion by plaintiff to dismiss the affirmative defense of the Statute of Limitations asserted by defendant McKeen and denied a cross motion by defendant McKeen to dismiss the complaint, with leave to renew after completion of discovery. This is a malpractice action brought against two doctors who treated plaintiff. The sole issue raised on this appeal is whether the continuous treatment doctrine is applicable. Special Term, on reargument, determined that it was as it related to defendant Farrow and that questions of fact were raised in the case of defendant McKeen. Consequently, Special Term granted plaintiff's motion to dismiss the affirmative defense of the Statute of Limitations asserted by defendant Farrow and denied that defendant's cross motion to dismiss the complaint. As against defendant McKeen, plaintiff's similar motion was denied as was defendant McKeen's cross motion to dismiss, the latter with leave to renew after completion of discovery. This appeal ensued. Plaintiff was born on March 10, 1955 and contracted polio at an early age which caused a slowing of the growth of his right leg. He went under the care of defendant Farrow who performed a series of operations on the left leg to slow its growth in order to equalize the length of the legs. This objective was accomplished by May, 1968. Thereafter, a bowing developed in the left leg requiring surgery which was performed on July 1, 1970 by defendant McKeen with defendant Farrow assisting. Defendant Farrow continued to examine and treat plaintiff and saw him for the last time during this period on June 13, 1973. Subsequently, defendant Farrow saw plaintiff on February 17, 1977 in connection with pain in the left knee and X rays were ordered. Defendant Farrow's office records indicate that defendant McKeen also viewed the X rays. The instant action alleging malpractice in connection with the various operations was commenced on March 9, 1979. Since the alleged acts of malpractice occurred before July 1, 1975, the three-year Statute of Limitations applies (see *McDermott v Torre*, 56 NY2d 399). Plaintiff's disability of infancy terminated on September 1, 1974 (*Verra v Koluksuz*, 74 AD2d 932). Accordingly, it is conceded that unless extended

under the continuous treatment theory the applicable Statute of Limitations ran on September 1, 1977. As a general rule, a cause of action for malpractice accrues at the time of the commission of the alleged act of malpractice (*Davis v City of New York,* 38 NY2d 257, 259). Under the continuous treatment theory, "the time in which to bring a malpractice action is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint'" (*McDermott v Torre,* 56 NY2d 399, 405, *supra,* quoting *Borgia v City of New York,* 12 NY2d 151, 155). It has recently been held that the lapse of some 46 months between visits to a physician compelled the conclusion that the treatment was intermittent rather than continuous (*Renda v Frazer,* 100 Misc 2d 511, affd ·75 AD2d 490). It has also been determined that when the period between treatments exceeds the limitation period the continuous treatment doctrine is inapplicable (*Bennin v Ramapo Gen. Hosp.,* 72 AD2d 736). We are of the opinion, however, that the length of time between treatments should not be the controlling factor. As was recognized in *Bennin,* the rationale of the continuous treatment doctrine as enunciated in *Borgia v City of New York* (12 NY2d 151, *supra*) was that the patient should be able to return to his physician for corrective treatment without running afoul of the Statute of Limitations (*Bennin v Ramapo Gen. Hosp., supra*). Thus, this court has previously stated that "if at the time when the Statute of Limitations would have expired had it run from the last act of malpractice, a patient is still in a relationship and care or treatment with the defendant physician for the same or related illnesses or injuries, the statute shall not be deemed to have commenced running so long as such treatment continues" (*Fonda v Paulsen,* 46 AD2d 540, 544). While in the present case against defendant Farrow the period between treatment was 44 months, it is significant that the statute was tolled by plaintiff's infancy until September 1, 1974. Consequently, he could have commenced an action without the application of the continuous treatment doctrine until September 1, 1977. The record reveals that before that date and in February of 1977 he returned to defendant Farrow for treatment of the condition for which the doctor had previously been treating him and never fully cured. Such circumstances, in our view, are appropriate for the invocation of the continuous treatment doctrine and, therefore, Special Term properly dismissed defendant Farrow's defense of the Statute of Limitations. With respect to the action against defendant McKeen, he maintains that he did not see or treat plaintiff after performing the operation in July of 1970. There is a note in defendant Farrow's records, however, that defendant McKeen examined the X rays taken in February of 1977. Thus, there is a question of fact as to what treatment, if any, defendant McKeen rendered at that time. Special Term properly so held. The order should be affirmed. Order affirmed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.