■ JAMES HOWARD, Appellant, v STATE OF NEW YORK, Respondent. — Appeal from an order of the Court of Claims (Murray, J.), entered April 13, 1982, which denied claimant's application pursuant to subdivision 6 of section 10 of the Court of Claims Act for permission to file a late claim. Claimant alleges that in September, 1977, while an inmate at Clinton Correctional Facility, he became ill; that for the next three months he received incorrect diagnoses and ineffective treatment from the prison medical staff; and that it was not until after he was transferred to Auburn Correctional Facility in January, 1978 that he was properly diagnosed and treated for kidney failure. He was hospitalized from January to May, 1978 and then returned to Auburn Correctional Facility. On July 25, 1978, he filed a section 1983 complaint in United States District Court, which action is still pending. In May, 1981, claimant made an application in the Court of Claims, Syracuse District, for permission to file a late notice of claim for a medical malpractice action against the State. This motion was denied, without prejudice, on the basis of improper venue and, on March 30, 1982, claimant made a second application for permission for late filing in the Court of Claims, Albany District. It is from the denial of this second application that claimant now appeals. A notice of claim should be filed with the Court of Claims within 90 days after the accrual of the claim (Court of Claims Act, § 10, subd 3). The court may, however, in its discretion, permit late filing "at any time before an action asserting a like claim * * * would be barred under" the applicable Statute of Limitations in the CPLR (Court of Claims Act, § 10, subd 6). The Statute of Limitations for an action in medical malpractice is two and one-half years (CPLR 214-a). The alleged malpractice here occurred between September and December, 1977. Thus, the two and one-half year Statute of Limitations ran no later than June, 1980, well before claimant brought this motion. Furthermore, there is no merit to claimant's contention that since he is still receiving treatment for his kidney disease while in a State prison, the continuing treatment doctrine applies. Under this doctrine, where a doctor commits malpractice but continues to treat the patient for the same condition or complaint, the Statute of Limitations does not start to run until the doctor's treatment ends (*McDermott v Torre,* 56 NY2d 399, 405; *Borgia v City of New York,* 12 NY2d 151). The rationale behind this rule is that a patient who is receiving corrective treatment from a physician should not be expected to interrupt that ongoing treatment in order to sue the physician before the expiration of the Statute of Limitations (*Borgia v City of*

*New York, supra,* p 156; *Lomber v Farrow,* 91 AD2d 725, 726; *Barrella v Richmond Mem. Hosp.,* 88 AD2d 379, 383). Clearly, this rationale has no application in the instant case because, after December of 1977, claimant was no longer being treated by the doctors who had treated him in Clinton Correctional Facility, where the alleged malpractice occurred. Furthermore, since he is still in the prison system, the commencement of an action would have in no way interrupted any treatment which his present doctors were mandated to give him and he to receive. Therefore, the Statute of Limitations has run on claimant's malpractice action. Since claimant's motion was properly denied, as a matter of law, we need not reach his further contentions. Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.