■ ALIDA CURCIO, Respondent, v CARLO IPPOLITO, Appellant. — In a medical malpractice action, defendant appeals from an order of the Supreme Court, Nassau County (Morrison, J.), dated November 17, 1982, which denied his motion for summary judgment dismissing plaintiff's complaint on the ground that the action is barred by the Statute of Limitations. Order reversed, on the law, with costs, motion for summary judgment granted, and complaint dismissed. Plaintiff commenced this action in February, 1981 to recover for medical malpractice allegedly committed by defendant during an operation performed on August 9, 1974. Following the operation, plaintiff continued to see defendant for postoperative checkups until January 14, 1976. On that date defendant informed plaintiff that her nose was fine and she was discharged from defendant's care. Plaintiff allegedly began to experience difficulty breathing through her nose approximately one year after her discharge and on February 24, 1979, she returned to defendant with complaints concerning her nose. Plaintiff claimed that during that visit, defendant again assured her that her nose was fine. Plaintiff did not return to defendant after February 24, 1979. Plaintiff's cause of action was time barred under the then-applicable three-year Statute of Limitations since neither the continuous course of treatment rule applies to toll the period of limitation nor is the equitable estoppel doctrine applicable to prevent defendant from asserting the bar of the statute. Under the continuous course of treatment rule, if the defendant continues to treat the plaintiff for the same or a related condition or complaint, the Statute of Limitations begins to run only at the end of the treatment (*Borgia v City of New York,* 12 NY2d 151; *McDermott v Torre,* 56 NY2d 399). This rule, however, does not contemplate intermittent treatment where substantial gaps of time exist between consultations (*Renda v Frazer,* 100 Misc 2d 511, 515, affd 75 AD2d 490). This court has held that the continuous course of treatment rule does not apply if the time between treatments exceeds the period of limitation (*Bennin v Ramapo Gen. Hosp.,* 72 AD2d 736). Accordingly, the continuous course of treatment rule is inapplicable in this case as the hiatus between the last postoperative treatment in January, 1976 and plaintiff's final visit in February, 1979, exceeded the then-applicable three-year Statute of Limitations. With respect to the doctrine of equitable estoppel, the burden is on plaintiff to establish that due diligence was exercised in commencing an action within a reasonable time after the facts giving rise to the

estoppel ceased to be operational (*Simcuski v Saeli,* 44 NY2d 442, 450). Generally, plaintiff will not be deemed to have exercised due diligence if such an action is deferred beyond the length of the statutory period (*Simcuski v Saeli, supra,* pp 450-451). In this case, we determine that plaintiff did not exercise the necessary due diligence since she failed to institute an action within three years of her discharge in January, 1976. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.