■ CARLOS RODRIGUEZ, Respondent, v NATIONWIDE INSURANCE COMPANY, Appellant. — In an action to recover damages for breach of an insurance contract defendant appeals from an order of the Supreme Court, Queens County (Bambrick, J.), dated February 9, 1983, which granted plaintiff's motion to dismiss the affirmative defenses of the Statute of Limitations and failure to state a cause of action. Order reversed, on the law, with costs, motion denied, insofar as it is to dismiss defendant's second affirmative defense asserting the Statute of Limitations, and thereupon plaintiff's complaint is dismissed as barred by the Statute of Limitations; in all other respects motion denied as academic. Defendant issued an accident and sickness disability income insurance policy to plaintiff which included the following two provisions: "LEGAL ACTIONS: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy. No such actions shall be brought after the expiration of three years after the time written proof of loss is required to be furnished * * * CONFORMITY WITH STATE STATUTES: Any provision of this policy which, on its effective date, is in conflict with the statutes of the state in which the Insured resides on such date is hereby amended to conform to the minimum requirements of such statutes". Special Term concluded the coexistence of these two provisions created an ambiguity as to whether the parties intended to impose a three-year Statute of Limitations, as set forth in the contract of insurance, or a six-year Statute of Limitations, the statutory standard applicable to contract actions in general.

The court resolved the ambiguity against defendant, who drafted the contract, and found the six-year period for breach of contract actions applicable (see CPLR 213, subd 2). The three-year limitation period, however, is one mandated by the Legislature for policies of the type at issue herein (Insurance Law, § 164, subd 3, par [A], cl [11]). Furthermore, the provision covering conformity with State statutes is explicitly sanctioned as one which may be inserted in a policy by the insurer (Insurance Law, § 164, subd 3, par [B], cl [9]). It is therefore clear that the insurance policy issued by defendant did no more than comply with the requirements of the Insurance Law. Accordingly, no ambiguity exists despite the presence of both clauses in the contract. The action was concededly commenced more than three years after the time written proof of loss was required to be furnished. We therefore reinstate the affirmative defense of the Statute of Limitations and dismiss the complaint (see *Espy v Giorlando,* 85 AD2d 652, affd 56 NY2d 640; *Saler v City of New York,* 96 AD2d 583). In light of this determination, we need not reach the other issues raised. Mollen, P. J., Thompson, Rubin and Boyers, JJ., concur.