OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs..
In opposition to defendant doctor’s motion for summary judgment on the ground that plaintiff’s malpractice cause of action is time barred, plaintiff presents nothing other than an affidavit of her attorney, which evidences no personal knowledge of the facts on his part. There is, therefore, no factual basis for plaintiff’s claim of estoppel.
With respect to the contention that the statute was tolled under the continuous treatment doctrine, the depositions of plaintiff and defendant doctor, presented as part of defendant’s papers, established that surgery was performed on plaintiff’s nose in 1974, that she was discharged by defendant on January 14, 1976 and that on February 24, 1979, without having seen defendant or any other physician in the meantime with respect to her nose, plaintiff went back to see defendant because her “breathing was belabored and the indentation concave.”
*969 It is not necessary to determine whether the February 24,1979 visit was “for the sole purpose of ascertaining the state of the patient’s condition” within the meaning of CPLR 214-a, or whether its definition of continuous treatment can be applied to claimed malpractice with respect to surgery performed before its effective date. Nor need we hold that in every instance in which a period longer than the applicable Statute of Limitations passes between discharge after surgery and the next visit to the doctor the claim will be barred (cf. Bennin v Ramapo Gen. Hosp., 72 AD2d 736). Although defendant’s February 24, 1979 advice sufficiently establishes that the visit was not a “ploy to revive the time-barred action” (cf. Florio v Cook, 65 AD2d 548, affd 48 NY2d 792), it is enough to bar plaintiff’s claim that no contact between plaintiff and defendant after her discharge and before the February 24, 1979 visit has been shown. Under such circumstances the required continuity has not been established through “a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment” (McDermott v Torre, 56 NY2d 399, 406 [emphasis supplied]), or otherwise (cf. Lomber v Farrow, 91 AD2d 725 [toll by infancy]; see Brush v Olivo, 81 AD2d 852, 853).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.