MICHAEL KELLY, Appellant, v STATE OF NEW YORK, Respondent.

All concur, except Hancock, Jr., J. P., who dissents in part, in the following memorandum.

Hancock, Jr., J. P. (dissenting). I agree that there should be a reversal but cannot agree with the majority that on this sparse record it can be held, as a matter of law, that the continuous treatment doctrine applies. In my opinion, there are questions of fact on this issue. Whether there has been "continuous treatment for the same illness, injury or condition which gave rise to the * * * omission or failure" (CPLR 214-a) continuing until no more than 90 days prior to March 5, 1982 (*see*, Court of Claims Act § 10), should be determined by the Court of Claims after hearing the relevant evidence at trial.

Claimant alleges that he was sent by prison officials on two separate occasions to the Westchester County Ophthalmology Clinic in January and February 1982, dates which would be within 90 days of the filing of the notice of claim on March 5, 1982. However, there are no entries in the hospital or clinic records supporting this allegation or indicating the purpose of these visits. For these visits to the clinic, if they occurred, to constitute "continuous treatment" under CPLR 214-a, it must be established that the visits were for some purpose other than to have the "condition checked" (*see, McDermott v Torre,* 56 NY2d 399, 405). Moreover, it must be shown that there were no time gaps between the treatments in excess of the 90-day Statute of Limitations (*see, Curcio v Ippolito,* 97 AD2d 497).

If it is shown that claimant did receive treatment for the eye problem which would qualify under CPLR 214-a in light of *McDermott v Torre* (*supra*) and *Curcio v Ippolito* (*supra*) there is a further question: whether such treatment (which the record shows was rendered either in prison clinics different from the prison clinic where the first treatment was given or in an ophthalmology clinic operated by Westchester County) was performed by health care workers who were in "relevant association with the [initial treating] physician" (*McDermott v Torre, supra,* p 408) so as to form a sufficient basis for application of the continuous care doctrine (*see generally, Marabello v City of New York,* 99 AD2d 133, *appeal dismissed* 62 NY2d 942).

The question of timeliness of the filing of the claim should be determined as an issue on the trial or, if the court finds it appropriate, as a separate issue in advance of trial. (Appeal from order of Court of Claims, Quigley, J. — late notice of claim.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and O'Donnell, JJ.