■ FRANKIE J. SHUMWAY, Individually and as Administratrix of the Estate of GILBERT C. SHUMWAY, Deceased, Respondent, v FRANK V. DeLAUS, Appellant.—Order unanimously affirmed with costs. Memorandum: Although the Second Department has held that a gap in treatment that exceeds the 2½-year period of limitations *(see,* CPLR 214-a) bars the application of the continuous course of treatment doctrine as a matter of law *(see, Curcio v Ippolito,* 97 AD2d 497, *affd* 63 NY2d 967; *Barrella v Richmond Mem. Hosp.,* 88 AD2d 379; *Bennin v Ramapo Gen. Hosp.,* 72 AD2d 736), the Court of Appeals found it unnecessary to adopt that holding *(see, Curcio v Ippolito,* 63 NY2d 967, 969, *supra).* We decline to adopt such rule in this department. Instead, we adhere to the principle that "where the physician and patient reasonably intend the patient's uninterrupted reliance upon the physician's observation, directions, concern, and responsibility for overseeing the patient's progress, the requirement for continuous care and treatment for the purpose of the Statute of Limitations is certainly satisfied" *(Richardson v Orentreich,* 64 NY2d 896, 899). Upon application of that principle, plaintiff's averments are sufficient to raise questions of fact. Thus, Supreme Court properly denied defendant's motion for summary judgment. (Appeal from order of Supreme Court, Monroe County, Curran, J.—partial summary judgment.) Present —Dillon, P. J., Callahan, Green, Pine and Davis, JJ.