■ PEGGY A. SPEAR et al., Appellants, v BENITO B. RISH et al., Respondents.—Judgment of the Supreme Court, Westchester County (Gerard E. Delaney, J.), entered on or about November 18, 1988, which granted defendants' motion for partial summary judgment dismissing on Statute of Limitations grounds plaintiff's claims arising out of medical treatment rendered by defendants prior to 1975, is unanimously affirmed, without costs or disbursements.

Plaintiff Peggy Ann Spear, then 16 years of age, underwent a rhinoplasty in 1965 performed by defendant Rish during which the physician allegedly negligently caused a perforation in her nose and concealed the injury by injecting silicone, contrary to accepted medical practice and in violation of law. The course of treatment was concluded in 1967, and plaintiff did not visit defendant physician again until July of 1975, when she purportedly complained of bumps and discoloration of her nose and received treatment for an acne condition. However, plaintiff contends that the problem was due to a decomposition of the silicone allegedly injected in 1965. Her nose was dermabraded, and no further treatment was sought between 1976 and 1978.

Plaintiff reached her majority on September 5, 1969 and, therefore, the Statute of Limitations for any malpractice against her expired on September 5, 1972, unless extended by operation of the continuous treatment doctrine. While the Supreme Court held that the principle did not apply as a matter of law where, as herein, the hiatus in treatment exceeded the limitations period, we note that the Court of Appeals has declined to apply this reasoning and, thus, the validity of this doctrine is questionable (see, Curcio v Ippolito, 63 NY2d 967; Rizk v Cohen, 73 NY2d 98). However, it is unnecessary for us to base our affirmance on the ground advanced by the Supreme Court because, in any event, plaintiff has not established a "timely" return visit so as to be able to invoke the continuous treatment doctrine (Curcio v Ippolito, 63 NY2d 967, supra). During the long periods between treatments, plaintiff was not under any form of medical care, nor was there any existing ongoing physician-patient relationship. Finally, as to the argument that defendants are estopped from raising the Statute of Limitations, we find no factual basis in the record indicating any intentional concealment of the alleged malpractice nor, more importantly, any reliance by plaintiff on defendant's alleged concealment so as to cause her to fail to timely commence an action (Immediate v St. John's Queens Hosp., 48 NY2d 671). Concur—Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.