■ CARMELE D'ACUNZO et al., Appellants, v ROUSE S.I., SHOPPING CENTER, INC., Respondent. [625 NYS2d 54] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County

(Cusick, J.), dated August 4, 1993, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiffs had failed to establish that it had actual or constructive notice of the unsafe condition that had caused Carmele D'Acunzo to slip and fall. In opposition to the motion, the plaintiffs submitted an affidavit of a nonparty eyewitness in which he swore, 22 months after the accident, that he had observed the unsafe condition approximately one-half hour before Carmele D'Acunzo slipped and fell. However, at the eyewitness's subsequent deposition, he stated that he had not observed the unsafe condition prior to the accident. Moreover, even after he had reviewed the affidavit, he remained unwilling to affirm it insofar as it demonstrated the existence of constructive notice. Under these circumstances, we conclude that the Supreme Court did not improvidently exercise its discretion by disregarding the affidavit (see, French v Cliff's Place, 125 AD2d 292). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.