■ HATTIE LEALE, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Respondents. [634 NYS2d 536] —In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated May 23, 1994, which granted the motion of the defendants for an order dismissing the complaint based on the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The plaintiff seeks to recover damages for the injuries she claims to have suffered as the result of malpractice allegedly committed during two procedures performed at the City Hospital Center at Elmhurst on June 27, 1972, and August 6, 1972. Hospital records indicate that, on the former date, the plaintiff "underwent elective varicose vein surgery, high ligation and stripping of the left saphenous vein" and that, on the latter date, she "underwent ligation of perforators and varicose veins * * * under local anesthesia".

The plaintiff filed a notice of claim in February 1977. In May 1977 she served a summons and complaint. We agree with the Supreme Court that the plaintiff's action should be dismissed due to the plaintiff's failure to serve a timely notice of claim *(see,* McKinney's Uncons Laws of NY § 7401 [2]; General Municipal Law § 50-e [5]) and because the plaintiff's medical malpractice action was not commenced within the applicable Statute of Limitations.

The plaintiff argues that both the filing of her notice of claim and the commencement of her malpractice action should be deemed timely by virtue of the continuous treatment doctrine. In her affidavit in opposition to the motion to dismiss, the plaintiff asserted that she had "been seen at the City Hospital at Elmhurst numerous times from June 27, 1972, through the present for a condition concerning my left leg". She asserted that she was treated for this condition on December 15, 1977. However, this contradicts the testimony given by the plaintiff at her deposition, when she stated that the last time her leg

had been treated prior to the filing of the notice of claim was in 1974 and that her leg was not tested again until 1990.

Once the defendant established its entitlement to dismissal of the complaint due to the plaintiff's failure to serve a timely notice of claim and a timely summons and complaint, the burden fell to the plaintiff to demonstrate the applicability of the continuous treatment doctrine *(see, e.g., Cox v Kingsboro Med. Group,* 219 AD2d 214; *Ganess v City of New York,* 207 AD2d 765, *affd* 85 NY2d 733). Thus, she had the burden of showing that the defendants' agents treated or at least monitored her with respect to some condition specifically related to her varicose vein surgery *(see, Massie v Crawford,* 78 NY2d 516; *Matter of Cooper v Kaplan,* 78 NY2d 1103; *Ganess v City of New York, supra)* and that such treatments or examinations occurred at intervals separated by no more than one year and ninety days *(see, Concha v Local 1115 Empls. Union Trust Fund,* 216 AD2d 348; *Arias v Southside Hosp.,* 203 AD2d 220; *Curcio v Ippolito,* 97 AD2d 497, *affd* 63 NY2d 967; *cf., Spear v Rish,* 161 AD2d 197). The plaintiff's affidavit, which was not only conclusory but also contradicted by her own deposition testimony, did not constitute the sort of evidence needed to satisfy this burden *(see, D'Acunzo v Rouse S.I., Shopping Ctr.,* 214 AD2d 531; *Matter of Kalati v Independent Diamond Brokers,* 209 AD2d 412).

For these reasons, the order appealed from is affirmed. Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.