■ NELSON PINO, Appellant, v ZAMIR KORN et al., Respondents. [669 NYS2d 863] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Posner, J.), dated January 17, 1997, which granted the motion of the defendants Zamir Korn and Gabriela Korn for summary judgment, denied the plaintiff's cross motion for leave to enter a default judgment against the defendant Freddy Carrasco upon his default in answering, and dismissed the complaint against all of the defendants; and (2), as limited by his brief, from so much of an order of the same court, dated June 12, 1997, as upon, in effect, granting reargument, adhered to the prior determination.

Ordered that the appeal from the order dated January 17, 1997, is dismissed, as that order was superseded by the order dated June 12, 1997, made upon reargument; and it is further,

Ordered that the order dated June 12, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents Zamir Korn and Gabriela Korn are awarded one bill of costs.

The Supreme Court properly treated the plaintiff's motion, denominated as one to "reargue and renew", as a motion to reargue. "When a motion denominated as one to renew is predicated upon information which could have been raised at the time of the original motion and was not, and the plaintiff has offered no excuse for failing to present the evidence at that time, the motion to renew is in actuality a motion to reargue" (*Carson v New York City Tr. Auth.*, 237 AD2d 242, 243; *see also, Marine Midland Bank v Freedom Rd. Realty Assocs.*, 203 AD2d 538, 539; *Bartolo v South Nassau Communities Hosp.*, 198 AD2d 204).

The Supreme Court also properly granted the motion of the defendants Zamir Korn and Gabriela Korn for summary judgment, as the plaintiff failed to raise a triable issue of fact as to whether the defendant Freddy Carrasco was employed by the

Korns as superintendent of their building at the time of the alleged incident here. The plaintiff's affidavit, which was not only conclusory but which, in many ways, contradicted the plaintiff's deposition testimony, did not constitute the type of evidence necessary to defeat the Korns' motion for summary judgment (*see, Leale v New York City Health & Hosps. Corp.*, 222 AD2d 414; *Matter of Kalati v Independent Diamond Brokers*, 209 AD2d 412).

Finally, the plaintiff's cross motion for leave to enter a default judgment against the defendant Carrasco was also properly denied. The plaintiff waited for more than two years after Carrasco's default in answering before moving for leave to enter a judgment, and he offered no excuse for the delay or sufficient cause why the complaint should not be dismissed (*see,* CPLR 3215 [c]; *Nevling v Chrysler Corp.*, 206 AD2d 221, 224). Pizzuto, J. P., Santucci, Joy and Friedmann, JJ., concur.