■ EILEEN M. ALBRECHT et al., Appellants, v AREA BUS CORP. et al., Appellants, and ASSOCIATION FOR HELP OF RETARDED CHILDREN, Respondent, et al., Defendant. (Action No. 1.) KELLY WRIGHT et al., Appellants, v AREA BUS CORP. et al., Appellants, and ASSOCIATION FOR HELP OF RETARDED CHILDREN, Respondent. (Action No. 2.) [670 NYS2d 873] —In related actions to recover damages for personal injuries, etc., (1) Eileen Marie Albrecht and Claire Albrecht, the plaintiffs in Action No. 1, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated March 17, 1997, as granted that branch of the motion of the defendant Association for Help of Retarded Children which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in Action No. 1, (2) Kelly Wright and Carolyn Wright, the plaintiffs in Action No. 2, appeal from an order of the same court, also dated March 17, 1997, which, inter alia, granted that branch of the motion by the defendant Association for Help of Retarded Children which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in Action No. 2, (3) Area Bus Corp., Pamela Meredith, and Alice Mercer ap-

peal, as limited by their brief, from so much of the orders dated March 17, 1997, in Action Nos. 1 and 2 as denied their cross motion for leave to amend their answer to assert a cross claim against the Association for Help of Retarded Children, and (4) Fu-Bar Maintenance Corp. and Able Bus, Inc., appeal, as limited by their brief, from so much of the order dated March 17, 1997, in Action No. 1 as denied their cross motion for leave to amend their answer to assert a cross claim against the Association for Help of Retarded Children.

Ordered that the appeal by Kelly Wright and Carolyn Wright from the order in Action No. 2 is dismissed for failure to perfect same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order in Action No. 1 is affirmed insofar as appealed from; and it is further,

Ordered that the order in Action No. 2 is affirmed insofar as reviewed; and it is further,

Ordered that the defendant Association for Help of Retarded Children is awarded one bill of costs payable by the appellants appearing separately and filing separate briefs.

This case arose from a motor vehicle accident which occurred on October 7, 1993, in Bayside, Queens, in which a van owned by the defendant Area Bus Corp. (hereinafter Area Bus) and maintained by the defendant Fu-Bar Maintenance Corp. (hereinafter Fu-Bar Maintenance) collided with a vehicle owned and operated by Kelly Wright. The defendant Pamela Meredith was driving the van and the defendant Alice Mercer was a matron (escort) on the van. Meredith and Mercer were both employees of Area Bus, a company owned by the defendant Able Bus, Inc. (hereinafter Able Bus). The Association for Help of Retarded Children (hereinafter AHRC) and Area Bus had entered into an agreement whereby Area Bus was to provide transportation services for the clients of AHRC to and from the AHRC facility. The plaintiff Eileen Marie Albrecht (hereinafter the injured plaintiff) was a passenger in the van en route to an AHRC facility and was seriously injured. On the morning of the accident, the injured plaintiff's mother, Claire Albrecht, watched the matron escort her onto the van.

The Supreme Court properly found that no issue of fact existed as to whether the injured plaintiff's seatbelt was secured at the time of the accident. Thus, to the extent that the complaint and proposed cross claims rely on the assertion that the injured plaintiff was not properly seatbelted, or that AHRC failed to warn Area Bus of a prior incident where the injured plaintiff had unbuckled her seatbelt and opened the

rear door while the bus was in progress, these claims do not raise a triable issue of fact regarding the proximate cause of the plaintiff's injuries, and AHRC was entitled to summary judgment dismissing the complaint and a denial of the application to assert additional cross claims against it. The affidavit of Claire Albrecht, which contradicted her deposition testimony, failed to constitute sufficient evidence to defeat AHRC's motion for summary judgment (*see, Leale v New York City Health & Hosps. Corp.*, 222 AD2d 414; *D'Acunzo v Rouse S.I. Shopping Ctr.*, 214 AD2d 531; *Matter of Kalati v Independent Diamond Brokers*, 209 AD2d 412). Moreover, while a doctor's note and hospital record indicated that the injured plaintiff was an unrestrained passenger, both were inadmissible hearsay since the source of such information was unknown (*see, Ginsberg v North Shore Hosp.*, 213 AD2d 592; *Echeverria v City of New York*, 166 AD2d 409).

We have examined the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Pizzuto, Joy and Altman, JJ., concur.