■ ERNESTINE HAMILTON, Plaintiff, v CITY OF NEW YORK, Defendant, L.K. COMSTOCK & Co., INC., Appellant, and NEW YORK PAVING, INC., Respondent. [691 NYS2d 108] —In a negligence action to recover damages for personal injuries, the defendant L.K. Comstock & Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated April 20, 1998, as granted that branch of the motion of the defendant New York Paving, Inc., which was for summary judgment dismissing the cross claim asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross claim by L.K. Comstock & Co., Inc., against New York Paving, Inc., is reinstated.

The defendant New York Paving, Inc. (hereinafter Paving) was not entitled to summary judgment dismissing the cross claim asserted against it by the appellant L.K. Comstock & Co., Inc. (hereinafter Comstock). The papers submitted in support of the motion failed to include copies of all of the pleadings as required by statute (*see,* CPLR 3212 [b]; *Lawlor v County of Nassau,* 166 AD2d 692; *Somers Realty Corp. v Big "V" Props.,* 149 AD2d 581; *Freeman v Easy Glider Roller Rink,* 114 AD2d 436). Moreover, Paving relied upon a hearsay document containing a notation written by an unknown person which purported to state the date on which Paving commenced work at the location of the accident (*see, Albrecht v Area Bus Corp.,* 249 AD2d 253; *Jajoute v New York City Health & Hosps. Corp.,* 242 AD2d 674; *Ginsberg v North Shore Hosp.,* 213 AD2d 592; *Rush v Sears, Roebuck & Co.,* 92 AD2d 1072). Paving failed to establish its prima facie entitlement to judgment as a matter of law, and we therefore need not reach the question of the sufficiency of the evidence presented in opposition to the motion (*see,* CPLR 4518 [a]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). O'Brien, J. P., Goldstein, Luciano and Schmidt, JJ., concur.