■ JUDITH SCHECTEL, Respondent, v SOUTHLAND CORP. et al., Appellants. [694 NYS2d 468] —In an action to recover damages

for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Winick, J.), entered August 14, 1998, which granted the plaintiff's motion for leave to renew their prior motion for summary judgment dismissing the complaint, which motion was granted by order of the same court dated May 6, 1998, and, upon renewal, denied the motion.

Ordered that the order is reversed, on the law and as a matter of discretion, the motion for leave to renew is denied, and the order dated May 6, 1998, is reinstated.

At her deposition, the plaintiff admitted that she had been "guessing" when she had given certain prior equivocal testimony as to whether a certain photograph, taken by her sister shortly after the incident and identified as Defendant's Exhibit A, showed the defective condition which had allegedly caused her to trip and fall. From the remainder of the plaintiff's deposition testimony, it is clear that she cannot state without guesswork exactly what condition caused her to trip and fall, and cannot describe in any meaningful way the dimensions or nature of that condition. The Supreme Court correctly granted the defendants' motion for summary judgment on this basis.

The Supreme Court erred in granting the plaintiff's motion for leave to renew the defendants' prior motion for summary judgment. The Supreme Court relied on an affidavit submitted by the plaintiff's sister which averred that the plaintiff could identify the "particular hole" which caused the accident and that "such hole is the one as portrayed in Defendant's Exhibit A". The hearsay declaration made by the plaintiff recounted in this affidavit, which appears to contradict the plaintiff's own deposition testimony, and which is unaccompanied by any claim that the plaintiff is herself unavailable, does not constitute valid evidence sufficient to defeat a motion for summary judgment (see, e.g., Olmedo v Port Auth., 256 AD2d 319; Siagkris v K & E Mech., 248 AD2d 458; Fontana v Fortunoff, 246 AD2d 626; Skay v Public Lib., 238 AD2d 397; see also, Pino v Korn, 248 AD2d 520; Leale v New York City Health & Hosps. Corp., 222 AD2d 414). Bracken, J. P., Goldstein, McGinity and Schmidt, JJ., concur.