■ RICHARD HUMPHREYS et al., Appellants, v PAUL J. VENEZIANO et al., Respondents, et al., Defendant. [703 NYS2d 47] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated December 3, 1998, as granted the motion of the defendants Paul J. Veneziano and P & M Plumbing & Heating Contractors, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Paul J. Veneziano, president of the defendant P & M Plumbing & Heating Contractors, Inc. (hereinafter the respondents), obtained a permit in July 1986 to open the street in front of 822 Elbe Avenue, Staten Island, in order to connect the septic system to the sewer system of the City of New York. The respondents presented evidence that the work was completed and the street restored that same month. In 1993, the plaintiff Richard Humphreys alleged that he was injured when he stepped into a depression in the roadway near the location of the street opening. The plaintiffs commenced this action in which they alleged, *inter alia*, that the respondents had negligently repaired and maintained the street.

We agree with the Supreme Court that the respondents established prima facie their entitlement to summary judgment. In opposition, the plaintiffs offered only speculation that the respondents' work caused the allegedly defective condition (*see, e.g., Peters v City of Kingston,* 199 AD2d 809). The affidavit of Richard Humphreys, which contradicted his earlier deposition testimony, was insufficient to defeat the motion (*see, Albrecht v Area Bus Corp.,* 249 AD2d 253; *Leale v New York City Health & Hosps. Corp.,* 222 AD2d 414). Furthermore, the Supreme Court properly determined that any statutory duty imposed on the respondents to maintain the roadway (*see,* 34 RCNY 2-11 [e] [16] [11], formerly 2-13 [d] [6]) had expired well before the accident, and the plaintiffs' allegations failed to raise any triable issue of fact as to the respondents' negligence. O'Brien, J. P., Ritter, Santucci and Florio, JJ., concur.