■ James Salvaggio, Appellant-Respondent, v City of New York et al., Defendants, and Joro Carting, Inc., Respondent-Appellant. [812 NYS2d 369]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated March 2, 2005, and the defendant Joro Carting, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal from the order is dismissed as abandoned (*see* 22 NYCRR 670.8 [e] [1]); and it is further,

Ordered that the order is reversed insofar as cross-appealed from, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Joro Carting, Inc., and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the defendant Joro Carting, Inc.

Contrary to the plaintiff's contention, the defendant Joro Carting, Inc. (hereinafter Joro), made a prima facie showing of its entitlement to summary judgment by demonstrating that it did not create the defective sidewalk condition upon which the plaintiff fell (*see Kleeberg v City of New York,* 305 AD2d 549 [2003]; *Fuentes v City of New York,* 237 AD2d 103 [1997]). The plaintiff failed to come forward with evidence, in response to the motion, which raised a triable issue of fact as to whether Joro's activities caused the defect complained of. Rather, the plaintiff's opposition consisted of speculation and unsubstantiated conjecture as to the cause of the defect (*see Ioffe v Hampshire House Apt. Corp.,* 21 AD3d 930 [2005]; *Humphreys v Veneziano,* 268 AD2d 461 [2000]; *Little v City of Albany,* 169 AD2d 1013 [1991]). Accordingly, Joro was entitled to summary judgment dismissing the complaint insofar as asserted against it. Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.